

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

*Dimitrouleas*

CASE NO. 00-6202-CIV-(LENARD)/Magistrate Judge (TURNOFF)

KAREL G. JOHNSON, and
LISE H. JOHNSON, his wife,

    Plaintiff(s),

vs.

                                **NON-COMPLIANCE OF S.D. fla. L.R. 5.1b**

AUTOMOBILI LAMBORGHINI SpA,
MICHAEL KIMBERLY, JON DOE I,
JON DOE II, and JON DOE III, Individually,

    Defendant(s).
_____/

## DEFENDANT LAMBORGHINI's MOTION FOR CHANGE OF VENUE

DEFENDANT, AUTOMOBILI LAMBORGHINI, SpA ("Lamborghini"), by and through undersigned counsel, pursuant to 28 U.S.C. §1440(b), moves this honorable Court for the entry of an Order Changing the Venue of this action and, in doing so, states as follows:

1.    On or about February 8, 2000, Plaintiffs KAREL G. JOHNSON and LISE H. JOHNSON (collectively "JOHNSON"), filed their Complaint in this action with the Clerk of the Ft. Lauderdale Division of the United States District Court for the Southern District of Florida.

2.    The action was assigned to Judge Lenard and Magistrate Judge Turnoff.

3. To date, neither the Plaintiffs nor any named Defendant has filed any additional pleadings or other documents with this Court.[1]

4. In the interest of fairness and judicial economy, this action is subject to a inter-divisional change of venue pursuant to 28 U.S.C. §1404.

5. For reasons set forth more fully below, the proper venue for this action is before Judge William P. Dimitrouleas and Magistrate Judge Lennea R. Johnson in the West Palm Beach Division of the United States District Court for the Southern District of Florida.

**Venue is Proper in the West Palm Beach Division**

6. On or about June 15, 1998, a Complaint was filed in the United States District Court for the Southern District of Florida by John Martin against Lamborghini and other named defendants. *See Martin v. Automobili Lamborghini, Exclusive, Inc., Automobili Lamborghini USA, Inc. and Automobili Lamborghini, SpA*, Case No. 98-6621-CIV-DIMITROULEAS/JOHNSON.

7. The *Martin* action was assigned to Judge William P. Dimitrouleas and Magistrate Judge Lennea R. Johnson in the West Palm Beach Division of the United States District Court for the Southern District of Florida. The action is still pending before these Judges.

---

[1] Simultaneously with the filing of this Motion, Defendant, Lamborghini, has filed a Motion to Dismiss Plaintiff's Complaint.

8. The conduct complained of and the damages claimed in the *Martin* Complaint involving a Diablo Roadster, are nearly indistinguishable from the conduct complained of and the damages claimed in the within action also involving a Diablo Roadster. Specifically, both the *Martin* and Johnson complaints are premised upon an alleged "written representation" from Lamborghini as to the fitness of the respective Diablo Roadsters for daily driving conditions. As such, Judges Dimitrouleas and Johnson are already well-versed in the specific subject matter of the within action.

9. Additionally, the within action is inextricably tied to the *Martin* case for a multitude of reasons including, but not limited to the following:

a. The *Martin* complaint was developed and filed by paralegal Brian Neiman who forged attorney Saul Smolar's signature on that pleading and other documents in the case. *See Report and Recommendation*, prepared and filed by Magistrate Judge Lennea R. Johnson on January 31, 2000. (hereinafter "*Martin* Report") attached hereto and made a part hereof as Exhibit "A". Notably, in her Report, Magistrate Judge Johnson found *Martin* to be the improper plaintiff as Neiman himself was the true party in interest in that action.

b. In addition to representing the plaintiff in *Martin*, attorney Smolar and paralegal Brian Neiman initially represented Plaintiff Johnson in the pre-suit development of the within Complaint. Based upon well placed sources of information,

the presence and affilliation of Messrs. Neiman and Smolar continue with the prosecution of the Johnson action.

c.    Also, Plaintiff Johnson's <u>current</u> attorney of record, Harris K. Solomon, serves as co-counsel to attorney Smolar and continues to represent the plaintiff in the *Martin* action thus, having a continuing and unabated affiliation with both Smolar and paralegal Nieman.

d.    At the culmination of the 50-plus page *Martin* Report, Magistrate Judge Johnson recommended the dismissal with prejudice of the *Martin* action as a result of attorney Smolar and paralegal Neiman's repeated flagrant violations of the court's orders and the Federal Rules of Civil Procedure.

e.    In recommending the dismissal of the *Martin* action, Magistrate Judge Johnson noted that Brian Neiman "has played a pivital role" in multiple lawsuits filed in the Southern District and that his conduct in those cases "constitutes a flagrant abuse of the judicial machinery and is a mockery of the judicial system." *See Martin* Report, p.2. In order to avoid any similar and further abuses perpetrated by Mr. Neiman, transfer of the within action to the Judge and Magistrate well-versed with Mr. Neiman's pattern of conduct and deception would not only prove a benefit to both the bench and the bar, the transfer would also serve the ends of justice and assure fair treatment of Lamborghini.

10.    Admittedly, because service of process has only been recently effectuated (June 16, 2000), it is currently impossible to measure the extent of Mr. Neiman's

continued involvement in the within action. However, it would be manifestly unjust to Lamborghini, as well as to the bench and bar, to allow this case to proceed before any officials other than Judge Dimitrouleas and Magistrate Judge Johnson. As noted in the *Martin* Report, Mr. Neiman has abused the judiciary in no less than six other cases before <u>six different</u> federal judges. (*Linda Adams v. Bell South*, S.D. Fla. Case No. 96-24730-CIV-MIDDLEBROOKS, *Williams v. Eastman Kodak Co.*, S.D. Fla., Case No. 97-6672-CIV-MOORE, *Barnett v. Doctors & assoc., Inc.*, S.D. Fla., Case No. 95-6837-CIV-RYSKAMP, *Zarate v. CBS Broadcasting, Inc.*, S.D. Fla., Case No. 98-1895-CIV-MORENO, *Hudson v. Ocean Spray Cranberry*, S.D. Fla., Case No. 98-6603-CIV-SEITZ, *Ingram v. SunTrust Bank South Florida, N.A.*, Case No. 98-7023-CIV-HURLEY) To require Lamborghini to expend resources to expose and recount Mr. Neiman's misdeeds to yet an **eighth** federal judge, would be manifestly unjust to both Lamborghini and the federal bench and bar.

11. Although Johnson's attorney, Harris K. Solomon, has been involved in the *Martin* action since 1999, he failed to properly disclose the action's pendency before Judge Dimitrouleas and Magistrate Judge Johnson to this Court when completing the civil information sheet and filing the within action.

12. Additionally, assuming *arguendo* Johnson's action is meritorious, a change of venue from the Ft. Lauderdale division to the West Palm Beach division of this Court will not work a prejudice against them. In actuality, moving this action to West Palm

Beach will effectively place the action <u>closer</u> to the Johnson's place of residence in St. Johns County.

## **MEMORANDUM OF LAW**

"Upon motion . . . any action, suit or proceeding of a civil nature . . . may be transferred, in the discretion of the court, <u>from the division in which pending to any other division in the same district.</u>" *See* 28 U.S.C. §1404(b) (emphasis added). A transfer under §1404 is warranted where such a transfer will serve the interests of justice and efficient administration of the court system. *See, Robinson v. Town of Madison*, 752 F.Supp 842 (N.D.Ill. 1990).

The action before this Court is yet another layer in the mountain of deception perpetrated by the unscrupulous tactics of Brian Neiman and Saul Smolar. There is no question, Neiman and Smolar have represented both the plaintiff in *Martin* and the Plaintiffs here. It is no small coincidence that, on the face of the pleadings before this Court, a change of counsel occurred eight days after the *Martin* Report was filed. Undeniably, it is the strategy of Neiman and Smolar to continue their participation in the case behind the scenes. Nonetheless, the fact that both attorney Smolar and paralegal Neiman have played an active role in the within action, coupled with the failure of Johnson's counsel to disclose the pendency of the *Martin v. Lamborghini* action before Judge Dimitrouleas and Magistrate Judge Johnson, mandate the transfer of this action pursuant to 28 U.S.C. §1404(b).

WHEREFORE, DEFENDANT, AUTOMOBILI LAMBORGHINI SpA, respectfully requests this Court enter an Order Transferring this action to Judge William P. Dimitrouleas and Magistrate Judge Lennea R. Johnson in the West Palm Beach Division of the United States District Court for the Southern District of Florida and grant such other relief as deemed just and proper.

      **HERZFELD & RUBIN**
      Attorneys for Defendant
      Automobili Lamborghini SpA
      Brickell Bayview Centre
      80 SW 8th Street
      Suite 1920
      Miami, Florida 33130

      _____
      MYRON SHAPIRO
      Fla. Bar No. 399205
      MICHAEL J. SCAGLIONE
      Fla. Bar No. 174970

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was deposited in the U.S. Mail this 14th day of July, 2000, to HARRIS K. SOLOMON, ESQ., Brinkley, McNerney, Morgan, Solomon & Tatum, LLP, attorneys for Plaintiff, 200 East Las Olas Boulevard, Suite 1800, Fort Lauderdale, Florida, 33301-2209.

**HERZFELD & RUBIN**
Attorneys for Defendant
Automobili Lamborghini SpA
Brickell Bayview Centre
80 SW 8th Street
Suite 1920
Miami, Florida 33130
Telephone: (305) 381-7999
Facsimile: (305) 381-8203

_____
MYRON SHAPIRO
Fla. Bar No. 399205
MICHAEL J. SCAGLIONE
Fla. Bar No. 174970

H:\WP\DATA\MJS\Lamborghini\MotiontoChangeVenue.wpd