**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

KAREL G. JOHNSON, and
LISE H. JOHNSON, his wife,

        Plaintiffs,                    CASE NO. 00-6202-CIV-DIMITROULEAS

vs.

AUTOMOBILI LAMBORGHINI SpA,
MICHAEL KIMBERLY, JON DOE I,
JON DOE II, and JON DOE III, Individually,

        Defendants.

_____/

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO ALSPA'S MOTION TO DISMISS AND/OR STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT

Plaintiffs Karel and Lise Johnson, by and through undersigned counsel, hereby submit their

Memorandum of Law in Opposition to ALSPA's Motion to Dismiss and/or Strike Portions of

Plaintiffs' Complaint, and states as follows:

### A.    **Proper Service was Effectuated.**

ALSPA's first ground for dismissal is that Plaintiffs failed to file the Complaint within the

120 day time period allotted by Fed. R. Civ. P. 4(m). However, the 120 day time limit does not

apply in this case because Fed. R. Civ. P. 4(m) "does not apply to service in a foreign country

pursuant to subdivision (f) or (j)(1)." Service in this case was done in accordance with Fed. R. Civ.

P. 4(h)(2), which incorporates the provisions of subdivision (f). Even though the 120 day limit does

not apply in this case, Plaintiffs acted with reasonable diligence in serving the Complaint on the

foreign defendant. After Plaintiffs' requests for waiver of service were rebuffed, Plaintiffs undertook



BRINKLEY, McNERNEY, MORGAN, SOLOMON & TATUM, LLP
200 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FLORIDA 33301 (954) 522-2200

the expensive and time consuming process of having the Complaint served pursuant to the Hague Convention. In fact, the Complaint was served just days after the 120 period, had it applied, would have expired. Because Defendant ALSPA was properly served, the Complaint cannot be dismissed on that ground.

## B.    Failure of Condition Precedent

The second ground for dismissal set forth by ALSPA is the failure to comply with Florida Statutes § 681.1095(4) as a condition precedent to the filing of the instant action. That ALSPA chooses to assert this position is puzzling for a number of reasons. First, the statute states quite clearly, not once, but twice, that it in no way limits available remedies. The first instance, in Fla. Stat. § 681.101, entitled Legislative Intent, provides that "nothing in this chapter shall in any way limit or expand the rights or remedies which are otherwise available to a consumer under any other law." Not content to make this point just once, the Florida Statutes also contain section 681.112(3), which states: "[t]his chapter does not prohibit a consumer from pursuing other rights or remedies under any other law."

By making this argument, not only did ALSPA ignore two sections of the Florida Statutes, but it also ignored a prior ruling of this Court, in a case in which ALSPA was a party, in which this Court summarily dismissed the identical argument. In so ruling, the Court stated:

> Turning first to the failure to exhaust administrative remedies argument, the Court notes that the Florida's Motor Vehicle Warranty Enforcement Act "does not preclude a consumer from pursuing other rights and remedies under any other law." Fla. Stat. § 681.112(3). Here, Martin is not pursuing any claims against Prestige under the Florida's Motor Vehicle Warranty Enforcement Act. Rather, Martin is proceeding against Prestige under other laws, such as the Magnusson-Moss Act. Therefore, Prestige's Motion to Dismiss is without merit.

2

A copy of the Order Denying Motion to Dismiss and Granting Motion for Leave to File Amended Complaint, Martin v. Automobili Lamborghini, Case No. 98-6621-CIV-DIMITROULEAS, dated October 26, 1998, is attached hereto as Exhibit A. The situation is no different in this case. Although it was ALSPA's co-defendant that made the argument in the Martin case, surely ALSPA was aware of the ruling before it made the identical argument in this case.

In any event, the Florida Statutes are clear that Plaintiffs' remedies are not limited in the manner suggested by ALSPA. Therefore, the motion to dismiss on this ground should be denied as well.

## C.    The Motion to Strike Should Be Denied

Defendant describes the allegations made in paragraphs 9(c), 9(d), 9(f), 9(h), 9(i), 21 (w) and 21 (x) as immaterial, impertinent and scandalous, and argues that Fed. R. Civ. P. 12(f) requires they be stricken. (Motion to Dismiss/Strike at 3). As an initial matter, "[m]otions to strike are generally disfavored, and will be granted only when the paragraph has no possible relation to the controversy." In Re Sunbeam Securities Litigation, 89 F. Supp. 2d 1326, 1340 (S.D. Fla. 1999). In addition, the allegations must prejudice the moving party. Gill v. Kostroff, 2000 WL 141260 *4 (M.D. Fla. 2000). The standard for granting a motion to strike is "exceedingly high." In Re Sunbeam Securities Litigation, 89 F. Supp. 2d at 1340.

It certainly cannot be said that these allegations have no possible relation to the controversy. Although Defendant might like to portray it as such, this is not a lemon law case where one car of the thousands or millions which roll off the assembly line possessed a unique defect which made it undriveable. Instead, Plaintiffs are alleging that all Lamborghini Diablo Roadsters contained numerous defects, many of which, unfortunately, Plaintiffs suffered firsthand. As to most of the

3

allegations of which Defendant complains (9(c), 9(d), 9(f), 9(h), 9(i)), Plaintiffs allege that they

would have suffered those defects had they continued to use the vehicle as a daily driving car. As

for the remainder, paragraph 21(w) alleges problems with the targa roof latches, and paragraph 21(x)

alleges a problem with excessive heat effecting the ability to check the oil with the dipstick. These

allegations are not, as Defendant contends, speculative. Because all of the allegations relate to the

controversy, Defendant's motion to strike must be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. mail

this ⁵⁄⁵ᵗ day of July, 2000, on Myron Shapiro, Esq., Attorney for Defendant ALSPA, Herzfeld

& Rubin, Brickell Bayview Centre, 80 SW 8th Street, Suite 1920, Miami, Florida 33130.

> BRINKLEY, McNERNEY, MORGAN
> SOLOMON & TATUM, LLP
> Attorneys for Plaintiffs
> 200 East Las Olas Boulevard, Suite 1800
> Fort Lauderdale, Florida 33301-2209
> (954) 522-2200
> (954) 522-9123 (fax)

By: _____

> HARRIS K. SOLOMON
> Florida Bar No. 259411

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-6621-CIV-DIMITROULEAS

JOHN MARTIN.

    Plaintiff,

vs.

AUTOMOBILI LAMBORGHINI
EXCLUSIVE, INC., et al.,

    Defendants.



_____/

## ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

THIS CAUSE is before the Court upon the Defendant, Automobili Lamborghini USA

Inc.'s Motion for Protective Order [DE 13], the Defendant, Prestige Imports, Inc.'s, Motion to

Dismiss [DE 17], and the Plaintiff's Motion to Amend Complaint by Interlineation to Add

Proper Party Defendant and to Delete Improperly Named Party Defendant [DE 33]. The Court

has carefully considered the merits of the motions and is otherwise fully advised in the premises.

### I. BACKGROUND

On or about March 7, 1997, the Plaintiff, John Martin, purchased a Lamborghini

"Diablo" automobile from the Defendant, Prestige, Inc., in Miami, Florida. Martin alleges he has

experienced numerous problems with his Diablo since he purchased it. Martin has brought the

present action asserting thirty-two separate counts against the various defendants.

Prestige has filed the present motion to dismiss asserting essentially that Martin failed to

exhaust his administrative remedies prior to filing suit. Specifically, Prestige argues that Martin

failed to file a claim with the Department of Agriculture and Consumer Services pursuant to the





Florida's Motor Vehicle Warranty Enforcement Act, § 681.10, which is also known as Florida's Lemon Law. Prestige also argues that Martin was required to request arbitration and exhaust his other administrative remedies of permitting the manufacturers adequate time to remedy any alleged defects. Prestige alternatively argues that Martin's complaint fails to state claim upon which relief can be granted.

Martin has also filed a motion seeking to amend his compaint to delete one defendant and add an additional defendant. The proposed First Amended Complaint does not amend the allegations or claims asserted. None of the defendants has objected to the motion for leave to amend.

## II. DISCUSSION.

### A. Motion for Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedures provides that a party may amend the party's pleading "by leave of court or by written consent of the adverse party" and that "leave shall be freely given when justice so requires." In construing Rule 15(a), the Supreme Court has held that

> In the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, etc. the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Here, none of the defendants objected to the motion for leave to amend. Accordingly, the Court will **GRANT** the Plaintiff's Motion to Amend Complaint.

### B. Motion to Dismiss

Although Martin has filed an Amended Complaint, the Court will address the merits of Prestige's Motion to Dismiss the original complaint because the allegations and claims asserted in the First Amended Complaint are the same as the allegations and claims asserted in the original complaint.

Turning first to the failure to exhaust administrative remedies argument, the Court notes that the Florida's Motor Vehicle Warranty Enforcement Act "does not preclude a consumer from pursuing other rights and remedies under any other law." Fla. Stat. § 681.112(3). Here, Martin is not pursuing any claims against Prestige under the Florida's Motor Vehicle Warranty Enforcement Act. Rather, Martin is proceeding against Prestige under other laws, such as the Magnuson-Moss Act. Therefore, Prestige's Motion to Dismiss is without merit.

Turning to the failure to state a claim argument, it is long settled that a complaint should not be dismissed unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. See Linder v. Portocarrero, 963 F.2d 332, 334-336 (11th Cir.1992) (citing Robertson v. Johnston, 376 F.2d 43 (5th Cir.1967)). Taking Plaintiff's allegations to be true, the Court finds that the claims asserted by Martin in his First Amended Complaint are sufficient to withstand Defendant's Motion to Dismiss for failure to state a claim. The Court further notes that the matters raised in the Defendant's Motion to Dismiss may be more properly raised in a Motion for Summary Judgment.

3

### III. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED as follows:**

1. The Defendant, Automobili Lamborghini USA Inc.'s Motion for Protective Order [DE

13] is hereby **DENIED** as moot;

2. The Defendant, Prestige Imports, Inc.'s, Motion to Dismiss [DE 17] is hereby

**DENIED**; and

3. The Plaintiff's Motion to Amend Complaint by Interlineation to Add Proper Party

Defendant and to Delete Improperly Named Party Defendant [DE 33] is hereby **GRANTED** and

the Plaintiff's First Amended Complaint is deemed filed.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida,

this _____ day of October, 1998.

WILLIAM P. DIMITROULEAS
United States District Judge

copies to:

Magistrate Judge Barry S. Seltzer
John C. Dotterrer, Esq.
James Jay Seltzer, Esq. -
Spencer M. Sax, Esq.
Saul Smolar, Esq.
Glenn Webber, Esq.
John M. Mullin, Esq.

4