UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6202-CIV-(DIMITROULEAS)/Magistrate Judge (JOHNSON)

KAREL G. JOHNSON, and
LISE H. JOHNSON, his wife,

    Plaintiff(s),

vs.

AUTOMOBILI LAMBORGHINI SpA,
MICHAEL KIMBERLY, JON DOE I,
JON DOE II, and JON DOE III, Individually,

Defendant(s).
_____/

**NIGHT BOX FILED**

AUG 1 0 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## DEFENDANT LAMBORGHINI'S REPLY TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO LAMBORGHINI'S MOTION TO DISMISS AND/OR STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT

DEFENDANT, AUTOMOBILI LAMBORGHINI, SpA ("Lamborghini"), by and through undersigned counsel, hereby submits its Reply to Plaintiffs' Memorandum of Law in Opposition to Lamborghini's Motion to Dismiss and/or Strike Portions of Plaintiff's Complaint, and states as follows:

### Lack of Personal Jurisdiction/Failure of Service

Plaintiffs concede, in their Opposition to Lamborghini's Motion to Dismiss and/or Strike, the Complaint in the within action was served upon Lamborghini outside the 120-day time limit set forth in F.R.Civ.P. 4(m). Without citing to any caselaw, Plaintiffs argue that the 120-day time limit proscribed by Rule 4(m) is not applicable.



Plaintiffs failure to disclose controlling caselaw to this Court is not surprising; there is no caselaw on this narrow subject of jurisdiction in Florida. However, while Florida federal courts have yet to pass on the specific issue at bar, these courts have held Rule 4 applies equally and in whole to defendants who were never served and defendants who were served after the 120-day period has lapsed. *See In re Cooper*, 971 F.2d 640 (11th Cir. 1992).

A close reading of Rule 4(m) on its face yields only one possible result: subdivision (m) is made inapplicable only as to service in a foreign country pursuant to subdivisions 4(f) and 4(j)(1). In fact this "narrowing" of the Rule was accomplished by the drafters' amendments passed in 1993. The precursor to Rule 4(m), former Rule 4(j), stated that the 120-day time limit was inapplicable to service in a foreign country pursuant to the former, more general Rule 4(i). The drafters' decision in 1993 to limit Rule 4(m)'s inapplicability to service pursuant to the newly drafted subdivisions 4(f) and 4(j)(1) must be given great credence. *Inclusio unius est exclusio alterius*, the oft-cited Latin phrase, has particularly poignant application here. As the Eleventh Circuit has recognized, "[t]he canon of statutory construction that the inclusion of one implies the exclusion of others is well-established." *See, U.S. v. Koonce*, 991 F.2d 693 (11th Cir. 1993)(citations omitted). Had the drafters intended Rule 4(m) to exclude service pursuant to subdivision 4(h), such exclusion would have been made clear upon the face of the Rule.

Here, Plaintiffs have admitted they served process pursuant to subdivision 4(h) and, as such, cannot claim that subdivision 4(m) is inapplicable. Because the Complaint in the within action was served outside the 120-day time limit, Plaintiffs' action must be dismissed.

### Failure of Conditions Precedent - Lack of Ripeness

Plaintiffs' claims against Lamborghini fail for lack of ripeness. It is well settled under Florida law that "[before filing a civil action on a matter subject to s. 681.104, the consumer **must** first submit the dispute to the division [of Consumer Services], and the board if such dispute is deemed eligible for arbitration." *See* Fla. Stat. §681.1095(4) (emphasis added).

Plaintiffs oppose Lamborghini's second ground for dismissal stating two reasons, each of which is without merit. First, Plaintiffs claim that their remedies are not limited by the Florida statutes, citing specifically to Fla. Stat. §§ 681.101 and 681.112(3). However, Plaintiffs conspicuously fail to address the compulsory language contained in Fla. Stat. 681.1095(4). As such, Plaintiffs opposition is in harmony with Lamborghini's position and actually supports Lamborghini's Motion to Dismiss. At no time has Lamborghini represented to this Court that the Florida statutes limit all remedies potentially available to Plaintiffs. However, the Florida statutes do limit access to the

courts and prevent Plaintiffs from pursuing certain remedies without having first satisfied the condition precedent of submitting their claims to the Florida Division of Consumer Services.

Florida law is abundantly clear. In late 1998, the Florida Supreme Court held "[a]n application for arbitration by the Arbitration Board is a precondition to the consumer filing a court action predicated on the Lemon Law." *Chrysler Corporation v. Pitsirelos*, 721 So.2d 710, 712 (Fla. 1998); *see also, Nationwide Mutual Fire Insurance Co. v. Pinnacle Medical, Inc.*, 753 So.2d 55 (Fla. 2000)(Florida statute § 681.1095(4) requires a dispute to be submitted to arbitration before suit is filed). The Florida Supreme Court prefaced its declaration in *Chrysler Corporation* by stating "Florida enacted its version of the Model Lemon Law in 1983 to provide consumers with an alternative dispute resolution procedure to traditional court breach-of-warranty actions **or federal actions under the Magnuson-Moss Warranty Act**." *See, Chrysler Corporation* at 712. (emphasis added).

In their opposition, Plaintiffs do not deny they have brought a cause of action sounding in the following: Breach of Implied Warranty of Fitness for a Particular Purpose (Count I); Breach of Implied Warranty of Merchantability (Count II); Breach of Express Warranty; (Count III); Violation of Magnuson-Moss Consumer Protection Act (Count IV); Deceptive and Unfair Trade Practices Act; (Count V); and Revocation of Acceptance (Count VIII). Since the subject matter of all the preceding counts falls

squarely within the confines of Florida's lemon law and, Plaintiffs have failed to present these claims to the Florida Division of Consumer Services as a predicate to filing the within action, Plaintiffs' Complaint must be dismissed for failure of ripeness.

Plaintiffs' second ground of opposition holds even less merit than its first. Plaintiffs astonishingly contend that an Order entered by this Court on October 26, 1998 in the *Martin v. Lamborghini* case **- a different case than the one at bar -** controls the subject matter of the Motion to Dismiss in the within case. This perplexing argument fails for numerous reasons. First, while Lamborghini respects this Court's rulings in the *Martin* case, those rulings are not binding on the parties to the within action and cannot act as *res judicata* on any issues before this Court. Additionally, Lamborghini was not the party who brought the motion to dismiss which was denied by this Court's October 1998 order in *Martin* - that motion was brought by Prestige Import, Inc. Also, current counsel to Lamborghini was not involved in the *Martin* action and it cannot be reasonably expected for current counsel to either have instant recall, complete knowledge or total familiarity with the voluminous case file in the *Martin* action, an action which has since been dismissed by this very Court.

The above notwithstanding, Plaintiffs have failed to aprise this Court in their Opposition that new Florida law has been reported since this Court's October 1998 order in *Martin* which is unequivocally dispositive of the issue at bar. The failure to research recent caselaw is fatal to Plaintiffs position. Pursuant to the Florida Supreme Court's

decisions in the cases of *Chrysler Corporation v. Pitsirelos* and *Nationwide Mutual Fire Insurance Co. v. Pinnacle Medical, Inc.*, decided in late 1998 and early 2000 respectively, and argued more thoroughly above, Plaintiffs' claims relating to any breach of warranty, including their claims under the Magnuson-Moss Warranty Act, must be dismissed.

Because Plaintiffs have clearly failed to satisfy a compulsory condition precedent, the Complaint must be dismissed for lack of ripeness.

### Immaterial, Impertinent and Scandalous Allegations Must be Stricken

Florida's federal court's have long recognized, "[a] motion to strike under Rule 12(f) is the appropriate remedy for the elimination of redundant, immaterial, impertinent, or slanderous matters in any pleading." *See Brown v. Seebach*, 763 F.Supp 574, 582 (S.D.Fla. 1991); *See also, In re: Sunbeam Securities Litigation*, 89 F.Supp 1326, 1339 (S.D.Fla. 1999); *Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862 (5th Cir. 1962).

In their Opposition to Lamborghini's Motion to Dismiss/Strike, Plaintiffs contend that paragraphs 9 (c), 9 (d), 9 (f), 9 (h), 9 (i), 21 (w) and 21 (x) of the Complaint are not subject to a Motion to Strike because "[i]t certainly cannot be said that these allegations have no possible relation to the controversy." *See* Plaintiff's Opposition Memorandum ¶ C., p.3. The basis for this contention is unfathomable. Nowhere in the Complaint or in

Plaintiffs' Opposition Memorandum do Plaintiffs state that they **did** suffer the defects complained of in the paragraphs which Lamborghini seeks to strike. As such, it certainly can be said that these allegations have no possible relation to the controversy.

In evaluating a motion to strike, a court must treat all well-plead facts as admitted and cannot consider maters beyond the pleadings. *See, Carlson Corp. v. School Board of Seminole County*, 778 F.Supp 518 (M.D.Fla. 1991). Here, treating all well-plead facts as admitted, it is clear from the face of the Complaint that Plaintiffs suffered none of the defects set forth in paragraphs 9 (c), 9 (d), 9 (f), 9 (h), 9 (i), 21 (w) and 21 (x), and, as such, these allegations are both immaterial and impertinent.

By way of illustration, immaterial matter has been defined as that which has no essential or important relationship to the claim for relief being plead. *See, Lipsky v. Commonwealth United Corp.*, 551 F.2d 887 (2d Circuit 1976). Impertinent matter consists of statements that do not pertain and are not necessary to the issues at bar. *Id*. Here, by definition, Plaintiffs' allegations contained in the subject paragraphs are immaterial and impertinent as they are not essential to the claim for relief sought and do not pertain to the issues at bar.

Additionally, it is incumbent upon Lamborghini to move to strike the subject paragraphs at this early stage of litigation; failure to move to strike such irrelevant allegations may give rise to an inference at trial that these allegations are admitted. *See, Moore v. Prudential Ins. Co. of America*, 166 F.Supp 215 (M.D.N.C. 1958). "The

purpose of a complaint is to frame issues, not to make headlines." *See, Eddins v. Florida Department of Children & Families*, 2000 WL 869449 (M.D.Fla. June 28, 2000)(regarding motion to strike allegations pursuant to Rule 12(f)).

Because Plaintiffs have failed to show that the allegations contained in paragraphs 9 (c), 9 (d), 9 (f), 9 (h), 9 (i), 21 (w) and 21 (x) of the Complaint have any relation to this controversy, Lamborghini's Motion to Strike must be granted.

**HERZFELD & RUBIN**
Attorneys for Defendant
Automobili Lamborghini SpA
Brickell Bayview Centre
80 SW 8th Street
Suite 1920
Miami, Florida 33130

MYRON SHAPIRO
Fla. Bar No. 399205
MICHAEL J. SCAGLIONE
Fla. Bar No. 174970

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was deposited in the U.S. Mail this 10th day of August, 2000, to HARRIS K. SOLOMON, ESQ., Brinkley, McNerney, Morgan, Solomon & Tatum, LLP, attorneys for Plaintiff, 200 East Las Olas Boulevard, Suite 1800, Fort Lauderdale, Florida, 33301-2209.

                                  **HERZFELD & RUBIN**
                                  Attorneys for Defendant
                                  Automobili Lamborghini SpA
                                  Brickell Bayview Centre
                                  80 SW 8th Street
                                  Suite 1920
                                  Miami, Florida 33130
                                  Telephone:  (305) 381-7999
                                  Facsimile:  (305) 381-8203

                                  MYRON SHAPIRO
                                  Fla. Bar No. 399205
                                  MICHAEL J. SCAGLIONE
                                  Fla. Bar No. 174970

H:\WP\DATA\MJS\Lamborghini\Johnson\Reply.mtd.mts.wpd