UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6202-CIV-DIMITROULEAS

KAREL G. JOHNSON, and
LISE H. JOHNSON, his wife,

    Plaintiff,

vs.

AUTOMOBILI LAMBORGHINI SpA,
MICHAEL KIMBERLY, JON DOE I,
JON DOE II, and JON DOE III, Individually,

    Defendant.
_____/



FILED by _____ D.C.

AUG 21 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER ON MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant, Lamborghini's Motion to Dismiss and/or Strike Portions of Plaintiff's Complaint, filed herein on July 17, 2000. The Court has carefully considered the motion, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiffs purchased a Lamborghini Diablo from Duval Acura, in Jacksonville, Florida, on July 15, 1996. Plaintiffs allege that they received assurances from Defendant ALSpA that the Diablo could be used as a daily driving car. Since purchasing the Diablo, Plaintiffs have experienced many problems. These problems have prevented Plaintiffs from using the Diablo as a daily driving car. The Diablo has been repaired at least ten (10) times, accumulating over thirty (30) days in repair time.

Plaintiff filed this ten (10) count action, alleging: 1) Breach of implied warranty of fitness for a particular purpose against Lamborghini SpA; 2) breach of implied warranty of



merchantability against Lamborghini SpA; 3) breach of express warranty against Lamborghini SpA; 4) violation of Magnuson-Moss Consumer Protection Act against Lamborghini SpA; 5) violation of § 501.201, F.S. *et seq.* - Florida Deceptive and Unfair Trade Practices Act against Lamborghini SpA; 6) fraud in the inducement against Lamborghini SpA; 7) negligent misrepresentation against Lamborghini SpA; 8) revocation of acceptance against Lamborghini SpA; 9) fraud by Michael Kimberly, ALSPA Director; and 10) fraud by Jon Doe I, Jon Doe II, and Jon Doe III.

Defendant Lamborghini now files this Motion to Dismiss, arguing that it was not served within one hundred and twenty (120) days, as mandated by Rule 4(m), Fed.R.Civ.P. Additionally, Defendant argues that Plaintiffs failed to accomplish all conditions precedent to filing this action and that certain parts of the Complaint should be stricken because they are immaterial, impertinent and scandalous.

## II. DISCUSSION

It is long settled that a complaint should not be dismissed unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. See Linder v. Portocarrero, 963 F.2d 332, 334-336 (11th Cir.1992) (citing Robertson v. Johnston, 376 F.2d 43 (5th Cir.1967)).

Defendant Lamborghini's first argument is that is was not served within the requisite 120-day period prescribed by Rule 4(m), Fed.R.Civ.P. Rule 4(m) states: "Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court...shall dismiss the action without prejudice as to the

defendant...This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1)." Based on the plain language of Rule 4(m), Defendant did not have to be served within 120-days, because it is a foreign corporation.

Defendant next argues that Plaintiff failed to comply with § 681.1095(4), Florida Statutes, as a condition precedent to the filing of this action. The Florida's Motor Vehicle Warranty Enforcement Act "does not preclude a consumer from pursuing other rights and remedies under any other law." § 681.112(3), F.S. Here, Plaintiff is not pursuing any claims against Defendants under the Florida's Motor Vehicle Warranty Enforcement Act ("MVWEA"). Rather, Plaintiff is proceeding against Defendants under other laws, such as the Magnuson-Moss Act. The Court notes that the Legislative Intent of the MVWEA also states that, "nothing in this chapter shall in any way limit or expand the rights or remedies which are otherwise available to a consumer under any other law." § 681.101, F.S.

Defendant's final argument is that paragraphs 9(c), 9(d), 9(f), 9(h), 9(i), 21(w) and 21(x) should be stricken because they contain immaterial, impertinent and scandalous allegations. Defendant relies on Rule 12(f), Fed.R.Civ.P., which states in pertinent part that, "...the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Complaint alleges that prior to the Diablo being sold, ALSPA was aware of several design and manufacturing defects, of which consist of 9(c), 9(d), 9(f), 9(h), and 9(i). See Complaint at ¶ 9. The Complaint also alleges that Plaintiffs have experienced certain problems, including ¶ 21(w) and (x). ¶ 21(w) of the Complaint states that "[w]hile operating, the targa roof latches can spontaneously release causing a risk of total detachment;" and ¶ 21(x) states that "[s]evere burns from the engine can result from one attempting to check the oil with the 'dipstick'."

3

"Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered 'time wasters,' and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Carlson Corporation v. The School Board of Seminole County, 778 F.Supp. 518, 519 (S.D. Fla. 1991); Augustus v. Board of Public Instruction, 306 F.2d 862 (5th Cir. 1962). The allegations in the Complaint go directly towards Plaintiffs' fraud and misrepresentation claims.

Accordingly, it is

**ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss is hereby **DENIED**; and

2. Defendant's Motion to Strike is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _21_ day of August, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

copies to:

Myron Shapiro, Esq.
Harris Solomon, Esq.