cv-06202-WPD  Document 16  Entered on FLSD Docket 09/12/2000  P

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6202-CIV-(DIMITROULEAS)/Magistrate Judge (JOHNSON)

KAREL G. JOHNSON, and
LISE H. JOHNSON, his wife,

    Plaintiff(s),

vs.

AUTOMOBILI LAMBORGHINI SpA,
MICHAEL KIMBERLY, JON DOE I,
JON DOE II, and JON DOE III, Individually,

Defendant(s).
_____/

**NIGHT BOX FILED**
**SEP. 1 1 2000**
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## DEFENDANT, LAMBORGHINI'S MOTION FOR RECONSIDERATION OF COURT'S ORDER DENYING LAMBORGHINI'S MOTION TO DISMISS AND/OR STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT AND MOTION FOR ENLARGEMENT OF TIME TO ANSWER PLAINTIFFS' COMPLAINT

DEFENDANT, AUTOMOBILI LAMBORGHINI, SpA ("Lamborghini"), by and through undersigned counsel, and pursuant to S.D.Fla.L.R. 7.1(A)(1)(j) and F.R.Civ.P. 60(b), hereby submits its Motion for Reconsideration of this Court's Order Denying Lamborghini's Motion to Dismiss And/or Strike Portions of Plaintiffs' Complaint and Motion For Enlargement of Time to Answer Plaintiffs' Complaint, and respectfully states as follows:

1.    On July 14, 2000 Lamborghini filed its Motion to Dismiss and/or Strike Portions of Plaintiffs' Complaint.



2.  On August 21, 2000 this Court entered an Order Denying Lamborghini's Motion to Dismiss and/or Strike Portions of Plaintiffs' Complaint.

3.  Lamborghini respectfully submits this Court's Order of August 21, 2000 either overlooked or was entered without the benefit of the law and facts presented in Lamborghini's Reply Memorandum which was filed with this Court on August 10, 2000.

4.  Since August 21, 2000 Lamborghini has diligently worked to prepare the within Motion for Reconsideration in an attempt to provide this Court with recently decided, controlling caselaw which is dispositive of the issues at bar.

5.  Lamborghini has submitted the within Motion for Reconsideration in good faith and not for purposes of delay. However, should the Court deny the within Motion for Reconsideration, Lamborghini respectfully requests this Court grant an extension of time for Lamborghini to file an Answer to Plaintiffs' Complaint.

### Lack of Personal Jurisdiction/Failure of Service

The question of whether service was effectuated timely is wholly independent of the question of the merits of Plaintiffs' claims. Plaintiffs conceded, in their Opposition to Lamborghini's Motion to Dismiss and/or Strike, the Complaint in the within action was served upon Lamborghini outside the 120-day time limit set forth in F.R.Civ.P. 4(m).

Because the Plaintiffs here served Lamborghini pursuant to F.R.Civ.P. 4(h), they argue the 120-day time limit found in Rule 4(m) is inapplicable in the instant case. A close reading of Rule 4(m) on its face yields only one possible result: subdivision (m) is made inapplicable only as to service in a foreign country pursuant to subdivisions 4(f) and 4(j)(1). Not service pursuant to 4(h).

A consistent reading of Rule 4 has not always been so clear-cut. The "narrowing" of the interpretation of Rule 4 was accomplished by the drafters' amendments passed in 1993. The precursor to Rule 4(m), former Rule 4(j), stated that the 120-day time limit was inapplicable to service in a foreign country pursuant to the former, more general Rule 4(i). This made any type of service in a foreign country valid past the 120-day limit.

In 1993, the drafters narrowed the foreign service exceptions to Rule 4(m) to service in a foreign country pursuant to the newly drafted subdivisions 4(f) and 4(j)(1); not 4(h).. Had the drafters intended Rule 4(m) to exclude service pursuant to subdivision 4(h), such exclusion would have been made clear upon the face of the Rule.

Here, Plaintiffs have admitted they served process pursuant to subdivision 4(h) and, as such, cannot claim that the 120-day time limit set forth in subdivision 4(m) is inapplicable. Because the Complaint in the within action was served outside the 120-day time limit, Plaintiffs' action must be dismissed.

### Failure of Conditions Precedent - Lack of Ripeness/Preclusion

The preclusion of Plaintiffs' claims by Florida State law should also be dispositive of Lamborghini's Motion to Dismiss as an alternative ground. Plaintiffs' claims against Lamborghini fail for lack of ripeness. It is well settled under Florida law that "[before filing a civil action on a matter subject to s. 681.104, the consumer **must** first submit the dispute to the division [of Consumer Services], and the board if such dispute is deemed eligible for arbitration." *See* Fla. Stat. §681.1095(4) (emphasis added).

Plaintiffs opposed Lamborghini's preclusion argument by claiming that their remedies are not limited by the Florida statutes, citing specifically to Fla. Stat. §§ 681.101 and 681.112(3) (ostensibly not limiting other remedies). However, Plaintiffs conspicuously failed to address the compulsory language contained in Fla. Stat. 681.1095(4). At no time has Lamborghini represented to this Court that the Florida statutes limit all remedies potentially available to Plaintiffs. For instance, had Plaintiffs suffered injuries to the person as the result of an alleged defect not cured under warranty, Plaintiffs' would not be precluded from brining an action sounding in tort. However, the Florida statutes do limit access to the courts and prevent Plaintiffs from pursuing certain remedies, such as lemon law and warranty claims, without having first satisfied the condition precedent of submitting their claims to the Florida Division of Consumer Services. See Fla. Sta. §681.1095(4).

Florida law is abundantly clear. In late 1998, the Florida Supreme Court held "[a]n application for arbitration by the Arbitration Board is a precondition to the consumer filing a court action predicated on the Lemon Law." *Chrysler Corporation v. Pitsirelos*, 721 So.2d 710, 712 (Fla. 1998); *see also, Nationwide Mutual Fire Insurance Co. v. Pinnacle Medical, Inc.*, 753 So.2d 55 (Fla. 2000)(Florida statute § 681.1095(4) requires a dispute to be submitted to arbitration before suit is filed). The Florida Supreme Court prefaced its declaration in *Chrysler Corporation* by stating "Florida enacted its version of the Model Lemon Law in 1983 to provide consumers with an alternative dispute resolution procedure to traditional court breach-of-warranty actions **or federal actions under the Magnuson-Moss Warranty Act**." *See, Chrysler Corporation* at 712. (emphasis added).

Plaintiffs do not deny they have brought a cause of action sounding in the following: Breach of Implied Warranty of Fitness for a Particular Purpose (Count I); Breach of Implied Warranty of Merchantability (Count II); Breach of Express Warranty; (Count III); Violation of Magnuson-Moss Consumer Protection Act (Count IV); Deceptive and Unfair Trade Practices Act; (Count V); and Revocation of Acceptance (Count VIII). Since the subject matter of all the preceding counts falls squarely within the confines of Florida's lemon law and, Plaintiffs have failed to present these claims to the Florida Division of Consumer Services as a predicate to filing the within action, Plaintiffs' Complaint must be dismissed for failure of ripeness.

Plaintiffs have failed to aprise this Court in their Opposition that **new Florida law has been reported** since this Court's previous consideration of this issue in *Martin v. Lamborghini*, Case No. 98-6621. Pursuant to the Florida Supreme Court's decisions in the cases of *Chrysler Corporation v. Pitsirelos* and *Nationwide Mutual Fire Insurance Co. v. Pinnacle Medical, Inc.*, decided in late 1998 and early 2000 respectively, Plaintiffs' claims relating to any breach of warranty, <u>including their claims under the Magnuson-Moss Warranty Act</u>, must be dismissed as these claims were not first filed with the Florida Division of Consumer Services.

Because Plaintiffs failed to satisfy a compulsory condition precedent, controlling caselaw mandates the Complaint must be dismissed for lack of ripeness.

### Immaterial, Impertinent and Scandalous Allegations Must be Stricken

Florida's federal court's have long recognized, "[a] motion to strike under Rule 12(f) is the appropriate remedy for the elimination of redundant, immaterial, impertinent, or slanderous matters in any pleading." *See Brown v. Seebach*, 763 F.Supp 574, 582 (S.D.Fla. 1991); *See also, In re: Sunbeam Securities Litigation*, 89 F.Supp 1326, 1339 (S.D.Fla. 1999); *Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862 (5th Cir. 1962).

In their Opposition to Lamborghini's Motion to Dismiss/Strike, Plaintiffs contend that paragraphs 9 (c), 9 (d), 9 (h) and 9 (i), of the Complaint are not subject to a Motion

to Strike because "[i]t certainly cannot be said that these allegations have no possible relation to the controversy." *See* Plaintiff's Opposition Memorandum ¶ C., p.3.

In its Order of August 21, 2000 this Court recognized that Plaintiffs allege Lamborghini knew of the certain manufacturing and design defects cited in paragraphs 9 (c), 9 (d), 9 (f), 9 (h), 9 (i), 21 (w) and 21 (x) of the Complaint. However, whether or not the Court is correct in these assertions, the subject matter contained in these paragraphs does not belong in Plaintiffs' Complaint. Plaintiffs have <u>not</u> brought an action sounding in defective design or manufacturing. Additionally, nowhere in the Complaint or in Plaintiffs' Opposition Memorandum do Plaintiffs state they **did** suffer the defects complained of in the paragraphs which Lamborghini seeks to strike. By way of example, the pleadings <u>do not</u> reveal that Plaintiffs have suffered rusting of the Diablo or that the Diablo has burnt to the ground. *See* ¶¶9(h) and (i) of Plaintiff's Complaint. As such, it certainly <u>can</u> be said that these allegations have no possible relation to the controversy.

In evaluating a motion to strike, a court must treat all well-plead facts as admitted and cannot consider maters beyond the pleadings. *See, Carlson Corp. v. School Board of Seminole County*, 778 F.Supp 518 (M.D.Fla. 1991). Here, treating all well-plead facts as admitted, it is clear from the face of the Complaint that Plaintiffs suffered <u>none</u> of the defects set forth in paragraphs 9 (c), 9 (d), 9 (f), 9 (h), 9 (i), 21 (w) and 21 (x), and, as such, these allegations are both immaterial and impertinent.

-7-

By way of illustration, immaterial matter has been defined as that which has no essential or important relationship to the claim for relief being plead. *See, Lipsky v. Commonwealth United Corp.*, 551 F.2d 887 (2d Circuit 1976). Impertinent matter consists of statements that do not pertain and are not necessary to the issues at bar. *Id.* Here, by definition, Plaintiffs' allegations contained in the subject paragraphs are immaterial and impertinent as they are not essential to the claim for relief sought and do not pertain to the issues at bar.

Additionally, it is incumbent upon Lamborghini to seek reconsideration and move to strike the subject paragraphs at this early stage of litigation; failure to move to strike such irrelevant allegations may give rise to an inference at trial that these allegations are admitted. *See, Moore v. Prudential Ins. Co. of America*, 166 F.Supp 215 (M.D.N.C. 1958). "The purpose of a complaint is to frame issues, not to make headlines." *See, Eddins v. Florida Department of Children & Families*, 2000 WL 869449 (M.D.Fla. June 28, 2000)(regarding motion to strike allegations pursuant to Rule 12(f)). Plaintiff must not be allowed to make allegations such as the "Diablo burn[s] to the ground without warning." *See* ¶9(i) of Plaintiffs' Complaint. This Court's valuable time will be wasted if Lamborghini is forced to litigate such immaterial and scandalous allegations.

Because Plaintiffs have failed to show that the allegations contained in paragraphs 9 (c), 9 (d), 9 (h) and 9 (i), of the Complaint have any relation to this controversy, Lamborghini's Motion to Strike must be granted.

WHEREFORE, Lamborghini respectfully requests this Court Grant its Motion for Reconsideration of this Court's Order Denying Lamborghini's Motion to Dismiss And/or Strike Portions of Plaintiffs' Complaint, or, in the alternative, Grant Lamborghini's Motion For Enlargement of Time to Answer Plaintiffs' Complaint.

                                        **HERZFELD & RUBIN**
Attorneys for Defendant
Automobili Lamborghini SpA
Brickell Bayview Centre
80 SW 8th Street
Suite 1920
Miami, Florida 33130

MYRON SHAPIRO
Fla. Bar No. 399205
MICHAEL J. SCAGLIONE
Fla. Bar No. 174970

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was deposited in the U.S. Mail this ___11___ day of September, 2000, to HARRIS K. SOLOMON, ESQ., Brinkley, McNerney, Morgan, Solomon & Tatum, LLP, attorneys for Plaintiff, 200 East Las Olas Boulevard, Suite 1800, Fort Lauderdale, Florida, 33301-2209.

**HERZFELD & RUBIN**
Attorneys for Defendant
Automobili Lamborghini SpA
Brickell Bayview Centre
80 SW 8th Street
Suite 1920
Miami, Florida 33130
Telephone: (305) 381-7999
Facsimile: (305) 381-8203

MYRON SHAPIRO
Fla. Bar No. 399205
MICHAEL J. SCAGLIONE
Fla. Bar No. 174970

H:\WP\DATA\MJS\Lamborghini\Johnson\Mtn4Reconsider.mtd.mts.wpd