UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6202-CIV-(DIMITROULEAS)

KAREL G. JOHNSON, and
LISE H. JOHNSON, his wife,

Plaintiff(s),

vs.

AUTOMOBILI LAMBORGHINI SpA,
MICHAEL KIMBERLY, JON DOE I,
JON DOE II, and JON DOE III, Individually,

Defendant(s).
_____/

**NIGHT BOX FILED**

**SEP 2 7 2000**

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## DEFENDANT, AUTOMOBILI LAMBORGHINI SpA'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

DEFENDANT, AUTOMOBILI LAMBORGHINI, SpA ("Lamborghini"), by and through its undersigned counsel hereby submits its Answer and Affirmative Defenses in response to Plaintiff's original Complaint and in doing so, would represent to the Court the following:

### GENERAL ALLEGATIONS

1. Each Paragraph of Plaintiff's original Complaint which is not specifically admitted is hereby denied.

2. Lamborghini is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraphs 2, 11, 17 and 18 of



Plaintiff's original Complaint and therefore denies same and demands strict proof thereof.

3.  Lamborghini denies the allegations in Paragraphs 1, 3, 4, 5, 6, 7, 8, 9, 10, 12, 14, 15, 16, 19, 20, 21, 22, 23, 24, 25, 26, 27 of Plaintiff's original Complaint and demands strict proof thereof.

4.  Lamborghini admits that the Diablo is covered by a factory warranty as set forth in the owner's manual and denies any remaining allegations in Paragraph 13 of Plaintiff's original Complaint and demands strict proof thereof.

## COUNT I

5.  Lamborghini realleges and reincorporates its responses to the allegations contained in Paragraphs 1 through 27 of Plaintiff's original Complaint in response to Paragraph 28.

6.  Lamborghini denies the allegations in Paragraphs 31, 32, 33, 34, 35, 36 and 37 of Plaintiff's original Complaint and demands strict proof thereof.

7.  Lamborghini is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraphs 29, 30 and 38 of Plaintiff's original Complaint and therefore denies same and demands strict proof thereof.

## COUNT II

8. Lamborghini realleges and reincorporates its responses to the allegations contained in Paragraphs 1 through 28 and 38 of Plaintiff's original Complaint in response to Paragraph 39.

9. Lamborghini denies the allegations in Paragraphs 40, 41, 42, 43, 44, 45, 46 and 47 of Plaintiff's original Complaint and demands strict proof thereof.

10. Lamborghini is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraphs 48 of Plaintiff's original Complaint and therefore denies same and demands strict proof thereof.

## COUNT III

11. Lamborghini realleges and reincorporates its responses to the allegations contained in Paragraphs 1 through 28 and 38 through 48 of Plaintiff's original Complaint in response to Paragraph 49.

12. Lamborghini denies the allegations in Paragraphs 50, 51, 52, 53, 54 and 55 of Plaintiff's original Complaint and demands strict proof thereof.

13. Lamborghini is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's original Complaint and therefore denies same and demands strict proof thereof.

## COUNT IV

14. Lamborghini realleges and reincorporates its responses to the allegations contained in Paragraphs 1 through 56 of Plaintiff's original Complaint in response to Paragraph 57.

15. Lamborghini denies the allegations in Paragraphs 58, 59 and 60 of Plaintiff's original Complaint and demands strict proof thereof.

16. Lamborghini is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraphs 61 of Plaintiff's original Complaint and therefore denies same and demands strict proof thereof.

## COUNT V

17. Lamborghini realleges and reincorporates its responses to the allegations contained in Paragraphs 1 through 61 of Plaintiff's original Complaint in response to Paragraph 62.

18. Lamborghini denies the allegations in Paragraphs 63, 64 and 65 of Plaintiff's original Complaint and demands strict proof thereof.

## COUNT VI

19. Lamborghini realleges and reincorporates its responses to the allegations contained in Paragraphs 1 through 65 of Plaintiff's original Complaint in response to Paragraph 66.

20. Lamborghini denies the allegations in Paragraphs 67, 68, 69, 70 and 71 of Plaintiff's original Complaint and demands strict proof thereof.

## COUNT VII

21. Lamborghini realleges and reincorporates its responses to the allegations contained in Paragraphs 1 through 71 of Plaintiff's original Complaint in response to Paragraph 72.

22. Lamborghini denies the allegations in Paragraphs 73, 74, 75, 76, 77, 78, 79 and 80 of Plaintiff's original Complaint and demands strict proof thereof.

## COUNT VIII

23. Lamborghini realleges and reincorporates its responses to the allegations contained in Paragraphs 1 through 80 of Plaintiff's original Complaint in response to Paragraph 81.

24. Lamborghini denies the allegations in Paragraphs 82, 83, 84, 85 and 86 of Plaintiff's original Complaint and demands strict proof thereof.

25. Lamborghini is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 87 of Plaintiff's original Complaint and therefore denies same and demands strict proof thereof.

## COUNTS IX AND X

26. The allegations contained in Counts IX and X (paragraphs 88 - 111) of the original Complaint are not directed against Lamborghini. Accordingly, no response is

required. To the extent the allegations contained in Counts IX and X of the original Complaint are deemed to be directed against Lamborghini, such allegations are denied.

## AFFIRMATIVE DEFENSES

Defendant, Lamborghini, by and for its Affirmative Defenses to the Complaint states:

1. Plaintiffs' claims are barred by the provisions of Florida's Lemon Law, Chapter §681 et. seq., Florida Statutes.

2. Plaintiffs' claims are barred by failure to join in this suit all necessary and indispensable parties.

3. Plaintiffs' claims are barred by the doctrines of waiver and/or estoppel, including by way of example but not limitation, the action, inaction and conduct of Plaintiffs.

4. Plaintiffs' Complaint fails to state claims upon which relief can be granted.

5. Plaintiffs' claims are barred for failure to perform all conditions precedent prior to bringing this action.

6. Any and all products which Lamborghini may have distributed and/or sold were at all times reasonably suitable for the purposes for which they were manufactured and sold.

7.    If Lamborghini distributed and/or sold the product in question, it was distributed and/or sold by Lamborghini without knowledge of its alleged defective condition.

8.    Plaintiffs' claims are barred by Plaintiffs' failure to exercise reasonable care in mitigation of damages.

9.    Third persons misused, abused and/or altered the subject vehicle. Said misuse, abuse and/or alteration was unforeseeable and/or not reasonably anticipated by Lamborghini.

10.    Lamborghini is entitled to a setoff of all sums of money by settlement, judgment or otherwise entered into or recovered by Plaintiffs.

11.    Plaintiffs are precluded from recovery because Plaintiff's damages are wholly or partially caused by third parties over which Lamborghini exercised no control. More specifically:

a.    John Doe or John Does who repaired the vehicle after the accident and performed subsequent maintenance on the vehicle after it left the control of the dealer. Therefore, judgment, if any, against Lamborghini cannot exceed its respective percentage of fault when compared to the percentage of fault by non-parties to this suit whose fault contributed to the current injuries alleged in this suit.

12.    Plaintiffs' damages are attributable in whole or in part to the failure of Plaintiffs to properly maintain the subject vehicle. To the extent any defects existed in

-7-

the subject vehicle, the condition of the subject vehicle was not the same as when it left the alleged custody and control of Lamborghini and/or substantial changes or alterations were made. Such changes and/or alterations were the sole proximate cause of the damages alleged by Plaintiffs.

14. Plaintiffs' failed to give Lamborghini proper notice of any alleged defects.

15. Statements, if any, made by Lamborghini to Plaintiffs regarding the subject vehicle do not create a warranty upon which this action can be based.

16. Plaintiffs' revocation of the subject vehicle was improper and, therefore, this action cannot be maintained.

17. Plaintiffs' warranty claims are barred by conspicuous disclaimers provided to Plaintiff by Lamborghini or other parties.

18. Lamborghini respectfully reserves the right to supplement these defenses pending further discovery and/or as otherwise might be allowed by Court or express/implied consent of the parties.

19. This Court lacks jurisdiction over Lamborghini for the Plaintiffs' failure to serve Lamborghini within the 120-day time limit as set forth in F.R.Civ.P. 4(m).

WHEREFORE, Lamborghini, having answered Plaintiffs' original Complaint and, pled its affirmative defenses hereby moves for judgment in its favor together with an award of interest and costs, reserving its right to seek attorney's fees as

provided by applicable law and/or statute.

**HERZFELD & RUBIN**
Attorneys for Defendant
Automobili Lamborghini SpA
Brickell Bayview Centre
80 SW 8th Street
Suite 1920
Miami, Florida 33130

_____
MYRON SHAPIRO
Fla. Bar No. 399205
MARK A. SCHNEIDER
Fla. Bar No. 0857696

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was deposited in the U.S. Mail this 27th day of September, 2000, to HARRIS K. SOLOMON, ESQ., Brinkley, McNerney, Morgan, Solomon & Tatum, LLP, attorneys for Plaintiff, 200 East Las Olas Boulevard, Suite 1800, Fort Lauderdale, Florida, 33301-2209.

**HERZFELD & RUBIN**
Attorneys for Defendant
Automobili Lamborghini SpA
Brickell Bayview Centre
80 SW 8th Street
Suite 1920
Miami, Florida 33130
Telephone: (305) 381-7999
Facsimile: (305) 381-8203

MYRON SHAPIRO
Fla. Bar No. 399205
MARK A. SCHNEIDER
Fla. Bar No. 0857696

F:\Client\Lamborghini\3648\Pldgs\Answer-Affirm.Def.wpd

-10-