**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

KAREL G. JOHNSON, and
LISE H. JOHNSON, his wife,

    Plaintiffs,

CASE NO. 00-6202-CIV-DIMITROULEAS

vs.

AUTOMOBILI LAMBORGHINI SpA,
MICHAEL KIMBERLY, JON DOE I,
JON DOE II, and JON DOE III, Individually,

    Defendants.
_____/

## PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

Plaintiffs Karel and Lise Johnson, by and through undersigned counsel, hereby submit their Response to the Court's Order to Show Cause Why Case Should Not Be Dismissed For Failure to Comply with the Court's Order, and state as follows:

1. The Complaint in this action was filed on February 9, 2000. At the time the Court issued its March 15, 2000 Order that the parties hold a scheduling conference and submit their joint scheduling report, none of the foreign defendants including Automobili Lamborghini SpA ("Lamborghini"), an Italian corporation, had been served. Lamborghini was served on June 12, 2000. However, Plaintiffs have been unable to serve the individual defendants, Michael Kimberly, and John Does I, II and III, who also are located in Italy.

2. Because at the time the Court's March 15, 2000 Order was issued Plaintiffs had no other parties with which to confer, they instead filed a Status Report apprizing the Court of its efforts at accomplishing service.

3.  In response to Plaintiff's Complaint, on July 14, 2000, ALSPA filed a motion to dismiss and/or strike, which the Court denied on August 21, 2000. Following the denial of Lamborghini's motion for reconsideration of its motion to dismiss/strike, Lamborghini served its Answer and Affirmative Defenses on September 27, 2000.

4.  The Court's March 15, 2000 Order directed the parties to hold their Scheduling Conference "within twenty (20) days after the filing of the first responsive pleading by the last responding defendant, or within sixty (60) days after the filing of the complaint, whichever occurs first." As Plaintiff's Complaint was filed on February 9, 2000, the date for compliance was April 30, 2000, well prior to the time Lamborghini properly was served pursuant to Fed. R. Civ. P. 4.

5.  The parties offer by way of explanation and not excuse that the failure to hold the Scheduling Conference and submit their Joint Scheduling Report was inadvertent and due to the fact that they failed to re-calendar the event after the original due date had passed.

6.  Contemporaneous with the filing of this Response, the parties are submitting their Joint Scheduling Report and Joint Proposed Scheduling Order.

7.  Plaintiffs have reviewed Lamborghini's Response to the Court's Order to Show Cause. Paragraph 4 of Lamborghini's Response gives the incorrect impression that Plaintiffs' counsel has been unresponsive to attempts at communication by counsel for Lamborghini. During the Joint Scheduling Conference, counsel for Lamborghini acknowledged that Plaintiffs' counsel responded to all attempted communication and furthermore that, in a September 5, 2000 telephone conference, counsel discussed the issue of settlement.

8.  Finally, Lamborghini's assertion that Mr. and Mrs. Johnson were blindly led into filing a fraudulent lawsuit by Brian Neiman is simply untrue. The Johnsons are in fact the owners

2

of a defective Lamborghini and are quite upset over the problems the car has caused them and equally upset over Lamborghini's role in the causation of and failure to resolve those problems. Plaintiffs agree that a meeting between the parties and their respective counsel would be useful, and during the Joint Scheduling Conference offered to hold such a meeting as soon as Lamborghini was able to send the appropriate representative from Italy.

WHEREFORE, Plaintiff respectfully requests that the Court excuse the inadvertent failure to comply with its March 15, 2000 Order and allow this action to be resolved on the merits.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. mail this ___2___ day of _February_, 2001, on Myron Shapiro, Esq., Attorney for Defendant ALSPA, Herzfeld & Rubin, Brickell Bayview Centre, 80 SW 8th Street, Suite 1920, Miami, Florida 33130.

> BRINKLEY, McNERNEY, MORGAN
> SOLOMON & TATUM, LLP
> Attorneys for Plaintiffs
> 200 East Las Olas Boulevard, Suite 1800
> Fort Lauderdale, Florida 33301-2209
> (954) 522-2200
> (954) 522-9123 (fax)
>
> By: _____
> HARRIS K. SOLOMON
> Florida Bar No. 259411

3