UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6202 CIV-(DIMITROULEAS)/Magistrate Judge Johnson

KAREL G. JOHNSON and LISE H.
JOHNSON, his wife,

        Plaintiffs,

vs.

AUTOMOBILI LAMBORGHINI SpA,
MICHAEL KIMBERLY, JON DOE I,
JON DOE II and JON DOE III,
individually,

        Defendants.

_____/

### DEFENDANT, AUTOMOBILI LAMBORGHINI SpA's, OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL BETTER ANSWER TO INTERROGATORY AND INCORPORATED MEMORANDUM OF LAW DATED JUNE 4, 2001 <ins>AND MOTION FOR ATTORNEYS' FEES AND COSTS</ins>

Defendant, Automobili Lamborghini SpA ("Lamborghini"), by and through undersigned counsel, pursuant to Southern District of Florida Local Rules 7.1 and 26.1, responds to Plaintiffs' Motion to Compel Better Answer to Interrogatory and Incorporated Memorandum of Law served under Certificate of Service dated June 4, 2001, and moves for attorneys' fees and costs.

### Introduction

1.    The instant Motion is unnecessary. Plaintiffs' Motion was premature. The Motion was filed on one day's notice to Defendant's counsel at a time when counsel was out of State. The interrogatory has been answered. The objection to inquiry regarding



recalls which involve components that are not installed in the subject vehicle, which do not apply to the subject vehicle is reasonable and well founded. Despite repeated efforts, counsel for Lamborghini was unable to effect a withdrawal of the Motion.

2.    Plaintiffs filed the instant lawsuit and alleged various complaints about their 1996 Lamborghini Diablo Roadster.

3.    Even though the subject vehicle is a 1996 Diablo Roadster, Plaintiffs' propounded an interrogatory seeking recall information for 1996 and 1997 Diablo Roadsters.

4.    Lamborghini properly responded to Plaintiffs' Interrogatory and provided Plaintiffs with recall campaign material 98V 030 *Automotive Window Retraction System* pertaining to Plaintiffs' 1996 Lamborghini Diablo Roadster, certain other 1996 Diablo Roadsters and early-production 1997 Diablo Roadsters. Plaintiffs' single interrogatory asked for a statement of the facts that lead to recalls of 1996 and 1997 Lamborghini Diablo vehicles. Answer to exactly the same question is required of Lamborghini under 49 C.F.R. § 573.5(c)(6) when the manufacturer's designated representative submits a defect information report to the National Highway Traffic Safety Administration ("NHTSA") at the commencement of a recall. The recall material Lamborghini provided included a detailed chronology of all principal events that were the basis for the recall campaign and which fully answered Plaintiffs' interrogatory.

5.    Lamborghini's only objection was to production of information relating to recall campaign information *not applicable to the subject vehicle* on grounds that such information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6.    Additionally, contrary to the requirements of Southern District of Florida Local Rules 7.1(A)(3)(a) and 26.1(I), Plaintiffs filed their Motion to Compel without the required good-faith effort to resolve this discovery dispute. Thus, Lamborghini seeks

- 2 -

denial of Plaintiffs' Motion and attorneys' fees and costs incurred in preparing this response.

### This Court Should Deny Plaintiffs' Motion for Failure to Comply With Southern District of Florida Local Rules 7.1 and 26.1(I).

7.    Southern District of Florida Local Rules 7.1(A)(3)(a) and 26.1(I) contain identical provisions regarding pre-filing conferences required of counsel. Rule 26.1(I) relating to discovery motions, states, "[p]rior to filing any discovery motion, counsel for the movant shall confer or make reasonable efforts to confer, orally or in writing, with all parties or non-parties who may be affected by the relief sought in the motion, in a good faith effort to resolve the discovery dispute." Both rules also provide for denial of a motion or an award of fees and costs when counsel fails to comply with the rule. Southern District of Florida Local Rule 26.1(I) states:

> Failure to comply with the requirements of this rule may be cause for the Court to grant or deny the discovery motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

8.    Plaintiffs' counsel's letter of May 17, 2001 and defense counsel's response on May 31, 2001 did not and should not have terminated Plaintiffs' ability to comply with the letter and spirit of Rule 26.1(I). Specifically, defense counsel's May 31, 2001 letter requested information from Plaintiffs' counsel for consideration as to why recall campaign information other than recall campaign information for the subject 1996 Lamborghini Diablo Roadster was relevant. Plaintiffs' counsel has failed to respond to that request, supporting Lamborghini's position the requested information for vehicles

- 3 -

other than the 1996 model year is not reasonably calculated to lead to the discovery of admissible evidence.

9.     Moreover, Plaintiffs' counsel sent a letter to defense counsel on Friday, June 1, 2001, without any explanation of the need for expediency and without the required good-faith effort to resolve the discovery dispute prior to filing the Motion to Compel stating, "[t]he deadline to file a motion to compel is Monday, June 4, 2001." (*See* letter from Plaintiffs' counsel dated June 1, 2001, attached as Exhibit "1").

10.     Defense counsel was out of state on June 1, 2001 and was unable to review Plaintiffs' counsel's June 1, 2001 letter until his return on Monday, June 4, 2001. Thus, even though there had been ongoing exchanges of information to resolve a purported discovery dispute, Plaintiffs' counsel failed to act in "good faith" in providing Defendant's counsel with sufficient time to respond before filing the Motion to Compel on June 4, 2001.

11.     Prior to June 1, 2001, "good-faith" discussions were ongoing, included an attempt to verify that all of the recall campaign information related to Recall No. 98V 030 had been received and was to be provided to Plaintiffs.     Despite these ongoing "good-faith" discussions, Plaintiffs' counsel set June 4, 2001 as the artificial deadline and "jumped the gun" rather than engage in further "good-faith" efforts to resolve the apparent discovery dispute prior to filing a Motion to Compel. Plaintiffs' counsel's one-day notice, while defense counsel was out of state, prior to filing a Motion to Compel, was an unrealistic amount of time to conclude "good-faith" discussions regarding the purported discovery dispute.[1]

---

[1] Plaintiffs' counsel did not act in good faith in imposing an artificial deadline of June 4 2001, during which time there were ongoing discussions in an attempt to resolve the purported discovery dispute. Defense counsel acknowledges that Plaintiffs' counsel would not have waived the right to file a motion to compel while there were ongoing discussions as evidenced by the attached correspondence.

- 4 -

12.    Numerous courts have denied motions to compel discovery where the moving party failed to confer in "good faith" with the opposing party prior to filing the motion. *See, e.g., Sattar v. Motorola, Inc.*, 138 F.3d 1164 (7th Cir. 1998) (finding no abuse of discretion where district court refused to hear motion for production because plaintiff's counsel failed to meet necessary predicate dealings with opposing counsel, including certification that counsel made a good-faith attempt to resolve dispute per local rules); *Alexander v. FBI*, 186 F.R.D. 197 (D.D.C. 1999) (leaving vague message late Friday with opposing counsel and filing motion to compel less than two hours later without ever meeting and conferring and without any legitimate reason for expediency did not meet local rules' good-faith requirement to confer); *Alexander v. FBI*, 186 F.R.D. 1985 (D.D.C. 1999) (denying plaintiff's motion to compel for failure to comply with local rule requiring good-faith effort to confer with opposing counsel and narrow areas of disagreement prior to filing non-dispositive motion); *Haselhorst v. Wal-Mart Stores, Inc.*, 163 F.R.D. 10 (D. Kan. 1995) (denying plaintiff's motion to compel based on defendant's uncontroverted and factual assertion that plaintiff's counsel failed to adequately confer with defense counsel prior to filing motion); *see also Echostar Communications Corp. v. News Corp.*, 180 F.R.D. 391 (D. Colo. 1998) (noting that failure to comply with local rules requiring good-faith effort to confer to resolve disputed matter before filing a discovery motion is sufficient alone to warrant a denial of motion to compel; counsel hardly fulfilled requirement of local rule when he submitted a motion to opposing counsel with a 4-hour deadline).

13.    Because Plaintiffs' counsel failed to exhaust "good-faith" efforts to resolve the subject matter of the instant Motion **prior** to filing a Motion to Compel, Lamborghini respectfully requests that this Court deny Plaintiffs' Motion and impose attorneys' fees and costs for Lamborghini's time in responding to Plaintiffs' Motion to Compel as provided for in Rule 26.1(I). Defense counsel requested Plaintiffs' counsel withdraw the

- 5 -

Motion to Compel on five separate occasions. (*See* letters from defense counsel dated June 6, 2001; June 7, 2001; June 11, 2001; June 12, 2001 and June 14, 2001 attached as Composite Exhibit "2"). After defense counsel's repeated requests, and after providing Plaintiffs with the recall materials. Plaintiffs' counsel has refused to withdraw the Motion constituting disregard for both the letter and spirit of Rules 7.1 and 26.1(I).

### This Court Should Deny Plaintiffs' Motion as Lamborghini Properly Responded to the Propounded Interrogatory.

14.    As an initial matter, on June 7, 2001, Lamborghini provided Plaintiffs with an executed original response to Plaintiffs' Interrogatory.    Lamborghini's executed response was forwarded to Plaintiffs as soon as counsel received the document which had to be executed and forwarded from Italy. Thus, paragraph 2 of Plaintiffs' Motion is moot.

15.    Additionally, Lamborghini actually provided Plaintiffs with recall campaign material that encompassed the 1996 Diablo Roadster, and some early-production 1997 Diablo Roadster models which are attached as Exhibit "3" for the Court's review.[2] The recall campaign material Lamborghini produced also contained a chronology of the facts forming the basis for the recall in compliance with 49 C.F.R. § 573.5(6) (2001) which states:

> (6)    In the case of a defect, a chronology of all principal events that were the basis for the determination that the defect related to motor vehicle safety, including a summary of all warranty claims, field or service reports, and other information, with their dates of receipt.

---

[2]Such recall materials should have been provided as part of the answer to the interrogatory but were inadvertently omitted. (*See* defense counsel's letter dated June 7, 2001 attached as Exhibit "2").

Lamborghini has actually provided a factual chronology of events which lead to the issuance of the recall campaign which is precisely what the interrogatory sought. To the extent Plaintiffs requested additional recall material for subsequent model-year Diablo Roadsters, which alleged recalls do not apply to the 1996 model at issue, Lamborghini properly objected that recall campaigns not applicable to the subject 1996 vehicle were not relevant and not reasonably calculated to lead to the discovery of admissible evidence. The Court is requested to take note the objection is not to 1997 models per se, but the recalls not involving the subject vehicle, *i.e.*, dissimilar vehicles.

16.    Rule 26(b)(1) provides that parties may obtain discovery regarding matter that is relevant to the claim or defense of any party. Relevant information is discoverable if it appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1) (2001).

17.    Recall campaign material is specific to particular makes and models of vehicles. *See* 49 C.F.R. § 573.5. For example, in the case of passenger cars, 49 C.F.R. § 573.5(2)(1) requires manufacturers include in a recall the identification of the make, line, model year, inclusive dates (month and year) of manufacture, and any other information necessary to describe the vehicles. As such, Plaintiffs bear the burden of demonstrating that 1997 vehicles for which recall information is sought, are substantially similar to the subject 1996 vehicle at issue. *See, e.g., Nissan Motors Corp. v. Espinosa,* 716 So. 2d 279 (Fla. 4th DCA 1998) (discovery of information on makes and models of vehicles different than the one involved in plaintiff's injury not permitted where plaintiff did not meet burden of establishing substantial similarity). Plaintiffs herein have failed to make any such showing. Plaintiffs merely assume that "the implication" in a recall notice provides enough of a basis for production of all recall campaign material for vehicles other than the vehicle at issue, including vehicle models of dissimilar design and/or components.

- 7 -

18.    *Uitts v. General Motors Corp.*, 62 F.R.D. 560 (E.D. Pa. 1974), is instructive.  In *Uitts*, the court found that recall campaign information regarding engine mounts was not relevant or reasonably calculated to lead to the discovery of admissible evidence.  The court initially allowed discovery of recall information concerning similar accidents in vehicles the defendant manufactured with an identical spring.  The court held that similar accidents with identical equipment were relevant to the determination of causation.  However, the court did not allow discovery of recall campaign information regarding engine mounts as plaintiff's vehicle was not one of the models involved in the engine mounts' recall campaign.

In this matter, the total number of vehicles potentially involved in Recall 98V 030 was 44, which included some of the early-production 1997 Diablo Roadster models.

19.    In *Jordan v. General Motors Corp.*, 624 F. Supp. 72 (E.D. La. 1985), the court found recall campaign materials inadmissible where the recall campaign dealt with a different model year, where the defect involved in the recall campaign was distinctly different from the defect alleged in the case, and involved a different section of the seat assembly.  The plaintiff alleged that his seat moved during an auto accident because of the defective design and/or manufacture in the seat adjustment system.  Specifically, plaintiff asserted a defect with the lower-inner track and size and shape of part of the seat adjustment system known as the "nipple."  *Id.* at 77.  The recall campaign information plaintiff sought to introduce into evidence at trial dealt with the lock bar in the front seat adjuster assemblies failing to engage satisfactorily due to a clearance discrepancy.  *Id.* Plaintiff argued that the seat assembly system utilized in his 1981 Oldsmobile Omega model was the same as the system used in the 1980 Oldsmobile Omega model.  However, the recall campaign was only directed to certain General Motors vehicles manufactured prior to February 5, 1979.  The plaintiff's vehicle was not built until May of 1981.  Thus, the court found the recall campaign materials were not relevant and the probative value of

- 8 -

any such evidence was substantially outweighed by the danger of unfair prejudice and the possibility of misleading the jury.

20.    In the present case, Recall No. 98V 030 specifically relates to the automatic window retraction system in some 1996 and some early-production 1997 Diablo Roadster models. Recall Campaign No. 98V 030 encompassed models manufactured from April 1996 to September 1996. Factually, this is the only reason recall information relating to some 1997 Diablo Roadster models was produced. Early-production 1997 Diablo Roadster models involved in Recall 98V 030 did not encompass all 1997 Diablo Roadster vehicles.

Although the purpose of discovery may be liberal and quite broad, the requirements of 49 C.F.R. § 573.5(a) are neither liberal nor broad and, in fact, are most precise. Any alleged recalls for 1997 models that do not pertain to components in the 1996 Diablo Roadster are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Thus, Plaintiffs' attempt to obtain information on recall campaigns conducted pursuant to the National Traffic and Motor Vehicle Safety Act of 1966 is nothing more than a fishing expedition. *See Segan v. Dreyfus Corp.*, 513 F.2d 695 (2d Cir. 1975) (court properly denied discovery motion as constituting a fishing expedition where plaintiff's interrogatory sought discovery of virtually entire business history of defendants for several years based on an allegation of a single fraudulent transaction); *North River Ins. Co. v. Greater N.Y. Mut. Ins. Co.*, 872 F. Supp. 1411 (E.D. Pa. 1995) (denying discovery in bad-faith action of information on prior bad-faith actions in past seven years as not relevant, not appearing reasonably calculated to lead to discovery of admissible evidence, properly demonstrated a fishing expedition, causing needless burden and expense); *Lynn Elecs. Corp. v. Automation Mach. & Dev. Corp.*, No. 86-2301, 1998 WL 25332 (E.D. Pa. Mar. 14, 1988) (noting that to allow plaintiff to conduct extensive discovery into defendants' relationships with unknown third parties at late date based on apparent unsubstantiated allegations would be to approve plaintiffs'

- 9 -

"fishing expedition" for grounds for RICO claim and work hardship on defendant); *Colorado Milling & Elevator Co. v. American Cyanamid Co.*, 11 F.R.D. 580 (W.D. Mo. 1951) (interrogatories may be excluded on objection where such interrogatories are merely or solely in the character of a fishing expedition and where it is sought to obtain the proof or evidence of the party).

Moreover, in the instant case, Plaintiffs' counsel's letter of June 15, 2001 goes far beyond the information originally requested in the interrogatory. (*See* letter from Plaintiffs' counsel dated June 15, 2001 attached as Exhibit "4"). Plaintiffs' counsel's June 15, 2001 letter constitutes a gargantuan fishing expedition expanding the information sought and is inappropriate for discovery by way of interrogatory.

21.    It is beyond question Plaintiffs have failed to provide this Court with any information or authority that the requested recall campaign materials for 1997 Diablo Roadster models that do not involve components in Plaintiffs' 1996 Diablo Roadster model are either relevant or reasonably calculated to lead to the discovery of admissible evidence. Accordingly, this Court should deny Plaintiffs' Motion to Compel Better Answer to Interrogatory.

### Lamborghini Properly Responded to Plaintiffs' Interrogatory by Producing Documents in Accordance With Rule 33(d).

22.    Federal Rule of Civil Procedure 33(d) allows a party to produce or refer to documents where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as it is for the party served.

In accordance with Rule 33, Lamborghini provided Plaintiffs with all documents pertaining to Recall No. 98V 030 on June 7, 2001. The defect information report

- 10 -

provided to Plaintiffs indicates the vehicles involved in the recall, the vehicle manufacturer, identification of the component and the component manufacturers, the testing and investigation that confirmed the existence of a defect, the number of vehicles involved, the percentage of vehicles believed to contain the defect, a detailed description of the defect and a chronology of events as well as the manufacturer's program related to the safety recall campaign.

23.     Moreover, 49 C.F.R. § 573.5(a)(6), "*Chronology of Events*," sets out a detailed factual basis for the recall campaign beginning in September of 1996 through February 6, 1998. Thus, production of the defect information report not only satisfies the interrogatory, but more importantly, satisfies the requirements of Rule 33(d).

### There Are No Other Recalls Involving 1996 Diablo Roadster Models.

24.     Recall No. 98V 030 is the only recall involving the 1996 Diablo Roadster model. (*See* Affidavit of Michael Jay Grossman attached as Exhibit "5"). Because Lamborghini has presented uncontroverted evidence that the only recall material pertaining to the 1996 Diablo Roadster has already been produced in compliance with Plaintiffs' interrogatory, this Court should further deny Plaintiffs' Motion.

### Lamborghini is Entitled to Attorneys' Fees and Costs for Having to Respond to Plaintiffs' Motion to Compel.

25.     Local Rules 7.1(A)(3)(a) and 26.1(I) provide for an award of reasonable attorney's fees and costs when counsel fails to comply with the good-faith requirement to confer prior to filing a motion.[3] "A 'reasonable effort to confer' normally 'requires that counsel converse, confer, compare views, consult and deliberate.'" *Augustine v. Adams,*

---

[3] Federal Rule of Civil Procedure 37(a)(2)(A) contains a similar requirement that a party confer in good faith prior to filing a motion to compel in an effort to secure the disclosure without court action.

HERZFELD & RUBIN
80 S.W. 8TH STREET, SUITE 1920, MIAMI, FLORIDA 33130 • (305) 381-7999 • FAX: (305) 381-8203

No. CIV.A. 95-2489-GTV, 1997 WL 260016 at *1 (D. Kan. May 8, 1997) (citing *Porter v. Brancato*, No. CIV.A. 96-2208-KHV, 1997 WL 150050, at *1 (D. Kan. Feb. 24, 1997)). "When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere." *Id.* (quoting *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996)).

26.    In the instant case, Plaintiffs' counsel failed to exhaust reasonable efforts to confer prior to filing a motion to compel. Instead, Plaintiffs' counsel sent one letter, received one letter in response, then set an artificial deadline to which defense counsel, who was out of town, could not respond. One letter does not satisfy the duty to confer. *See Ballou v. University of Kan. Med. Ctr.*, 159 F.R.D. 558 (D. Kan. 1994). Additionally, despite defense counsel's repeated attempts to resolve the matter after the Motion was filed and repeated requests that Plaintiffs' counsel withdraw the Motion to Compel, Plaintiffs' counsel failed to engage in good-faith efforts to resolve the disputed matter and failed to withdraw the Motion. Accordingly, this Court should award reasonable attorneys' fees and costs incurred in preparing this response. *See, generally, Apex Oil Co. v. Belcher Co. of N.Y.*, 855 F.2d 1009 (2d Cir. 1988) (district court did not exceed discretion in awarding attorney's fees, costs and expenses incurred in motion to compel where defense counsel failed to confer in good faith over discovery disputes in violation of local rule; such conduct multiplied the proceedings unreasonably and vexatiously warranting sanctions under 28 U.S.C. § 1927); *Visor v. Sprint United Mgmt. Co.*, No. CIV.A. 96-K-1730, 1997 WL 796989 (D. Colo. Dec. 31, 1997) (awarding $1,000 as sanction for violating court order requiring parties to confer in good faith to resolve disputed matter in accordance with local rule).

- 12 -

### Conclusion

**WHEREFORE,** Defendant, Automobili Lamborghini SpA, respectfully requests that this Court deny Plaintiffs' Motion to Compel Better Answer to Interrogatory Dated June 4, 2001, and award Lamborghini attorneys' fees and costs for needlessly having to respond to Plaintiffs' Motion.

MYRON SHAPIRO
Fla. Bar No. 399205
**HERZFELD & RUBIN**
Attorneys for Automobili Lamborghini SpA
80 S.W. 8TH Street, Suite 1920
Miami, Florida 33130
Telephone:    (305) 381-7999
Facsimile:    (305) 381-8203
E-Mail:       herzfeld@hr-miami.com

- 13 -

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was deposited in the U.S. Mail this 29th day of June, 2001, to HARRIS K. SOLOMON, ESQ., Brinkley, McNerney, Morgan, Solomon & Tatum, LLP, Sun-Sentinel Building, 200 East Las Olas Boulevard, Suite 1900, Ft. Lauderdale, Florida 33301-2209.

MYRON SHAPIRO
Fla. Bar No. 399205
**HERZFELD & RUBIN**
Attorneys for Automobili Lamborghini SpA
80 S.W. 8TH Street, Suite 1920
Miami, Florida 33130
Telephone:   (305) 381-7999
Facsimile:   (305) 381-8203
E-Mail:   herzfeld@hr-miami.com

F Client Lamborghini 3648 Pldgs MTC Btr AnstoInterrog wpd

- 14 -

**EXHIBIT   1**

ATTORNEYS AT LAW
SUITE 1900
NEW RIVER CENTER
200 EAST LAS OLAS BOULEVARD
FORT LAUDERDALE, FLORIDA 33301-2209

W. MICHAEL BRINKLEY
KEVIN P. CROSBY **
KENNETH E. KEECHL
DONALD J. LUNNY, JR.$
MICHAEL J. MCNERNEY +
PHILIP J. MORGAN *
HARRIS K. SOLOMON +
ROBERTA G. STANLEY ++
THOMAS R. TATUM
STEPHEN L. ZIEGLER

+ BOARD CERTIFIED BUSINESS LITIGATION LAWYER
* BOARD CERTIFIED REAL ESTATE LAWYER
++ BOARD CERTIFIED MARITAL AND FAMILY LAWYER
** REGISTERED PATENT ATTORNEY
$ BOARD CERTIFIED CITY, COUNTY &
   LOCAL GOVERNMENT LAWYER

TELEPHONE (954) 522-2200
FACSIMILE (954) 522-9123
e-mail lawfirm@brinkleymcnerney.com
———
MAILING ADDRESS:
POST OFFICE BOX 522
FORT LAUDERDALE, FLORIDA 33302-0522
———
JOHN R. TATUM
(1926-1995)
June 1, 2001

SCOTT P. CHITOFF
LOUIS R. GIGLIOTTI
KENNETH A. GORDON
DAVID F. HANLEY
KENNETH J. JOYCE
JEFFREY S. KURTZ
JOHN N. LAMBROS
MARK A. LEVY
JULIETTE E. LIPPMAN
JONATHAN M. STREISFELD
VERONICA VILARCHAO

*Via Facsimile and U.S. Mail*

Myron Shapiro, Esq.
HERZFELD & RUBIN
Brickell Bayview Centre
80 SW 8th Street, Suite 1920
Miami, Florida 33130

      Re:    Johnson v. Automobili Lamborghini, SpA,
                Case No. 00-6202-CIV-DIMITROULEAS

Dear Mr. Shapiro:

We are in receipt of your correspondence of May 31, 2001, along with the attached documents. I do not believe that it constitutes a sufficient response to Plaintiffs' Interrogatory for a number of reasons. First, the interrogatory requests that Lamborghini ". . . explain all of the facts of which you were aware that led you to issue said notice or safety warning." The interrogatory therefore seeks not only information regarding the recall campaigns, but the information in the possession of Lamborghini which caused it to initiate the recall campaign. No attempt has been made to provide such information. Furthermore, Fed. R. Civ. P. 33(d) does not allow a party to submit an incomplete interrogatory answer simply because it chooses to submit documents in lieu of drafting a response.

Next, information underlying the 1997 safety warnings most certainly is relevant to this case, and if that information is in Lamborghini's custody or control, it must be disclosed. It simply is not reasonable to say that if we can get the information elsewhere, then your client need not disclose it. That is akin to saying that a party need not produce its bank records because the opponent is able to subpoena the bank.

The deadline to file a motion to compel is Monday, June 4, 2001. We are preparing such a motion for filing, but remain hopeful that some or all of the issues may be resolved prior to the filing of the motion.

Myron Shapiro, Esq.
June 1, 2001
Page Two

I look forward to your response.

Sincerely yours,

MARK A. LEVY

MAL:clb
G:\WPFILES\CLIENTS\Johnson.Karei\Lamborghini\Corresp\Shapiro 06-01-01.wpd

BRINKLEY, McNERNEY, MORGAN, SOLOMON & TATUM, LLP
ATTORNEYS AT LAW

**COMPOSITE EXHIBIT 2**

# HERZFELD & RUBIN

BRICKELL BAYVIEW CENTRE
80 S.W. 8TH STREET, SUITE 1920
MIAMI, FLORIDA 33130
TELEPHONE: (305) 381-7999
TELEFAX: (305) 381-8203
E-MAIL: herzfeld@hr-miami.com
HOME PAGE: http://www.hrfirm.com

**MYRON SHAPIRO, ESQ.**<sup>*</sup>

ALSO ADMITTED IN NEW YORK*

June 6, 2001

### *Via telefacsimile and US Mail*

Mark A. Levy, Esq.
Brinkley, McNerney, Morgan, Solomon & Tatum, LLP
Sun-Sentinel Building
200 East Las Olas Boulevard, Suite 1800
Ft. Lauderdale, Florida 33301-2209

> *Re:     Johnson v. Lamborghini*
> *Our File No. 3013.3648*

Dear Mr. Levy:

The telefacsimile of your letter of June 1, 2001 was received in our office on June 1. I was out of state and did not return until Sunday, June 3, 2001. Therefore, it was not until June 4, 2001, I was able to review for the first time your letter. In that letter, you advised the deadline to file a Motion to Compel was Monday, June 4, 2001. Obviously, the amount of time provided to respond to your letter and to commence "good faith" discussions regarding the purported discovery dispute was unrealistic and in violation of the letter and spirit of US District Court Southern District Local Rule 26.1 I.

Furthermore, it also appears you have not acted reasonably pursuant to Rule 26.1 I which requires conferring orally or in writing in a good faith effort to resolve the discovery dispute. With respect to Rule 26.1 H 1, it appears you have set an artificial deadline of Monday, June 4, 2001. Rule 26.1 H 1 indicates Motions to Compel Discovery shall be filed within thirty (30) days of the **occurrence** of grounds for the motion. The exchange of letters of May 17, May 31 and June 1, 2001 clearly indicate ongoing discussions were taking place regarding a discovery response. Because of these ongoing discussions, no "occurrence" had manifested to trigger a date from which thirty (30) days was to be calculated to file a motion to compel. In short, your motion is premature and it appears you have "jumped the gun" in filing the motion on June 4, 2001. I strenuously disagree you had to file any motion on June 4, 2001, as reasonable efforts were, in fact, being made to confer in writing in an attempt to resolve discovery disputes.

When I met you at the vehicle inspection yesterday morning, I advised I did not receive the letter until June 4 and it was impossible for me to confer with my client on such short notice regarding your self-imposed deadline of June 4, 2001. It was at that time you insisted the

NEW YORK OFFICE
HERZFELD & RUBIN P.C.
40 WALL STREET
NEW YORK, NEW YORK 10005
(212) 344-5500

NEW JERSEY OFFICE
CHASE, KURSHAN, WEIDENFELD,
HERZFELD & RUBIN, LLC
5N REGENT STREET, SUITE 508
LIVINGSTON, NEW JERSEY 07039
(973) 535-8840

CALIFORNIA OFFICE
HERZFELD & RUBIN
1925 CENTURY PARK EAST
LOS ANGELES, CALIFORNIA 90067
(310) 553-0451

Mark A. Levy, Esq.
June 6, 2001
Page 2

deadline to file a Motion to Compel was June 4, 2001, which I believe is erroneous and constitutes a violation of Rule 26.1 I and H.

Regarding NHTSA recall campaign No. 98 V 030, the NHTSA requires a defect report which provides the basis for determination that a defect related to motor-vehicle safety exists. That it precisely the information that was provided to you on May 31, 2001 regarding recall campaign No. 98 V 030.

Your statement that "information underlying the 1997 safety warnings most certainly is relevant" and "it must be disclosed" is inaccurate and without any basis in fact or law. In my May 31, 2001, letter, I explained why Plaintiffs were not entitled to recall campaign information not involving the subject vehicle. If you had information to the contrary, I requested you provide that information for consideration. To date, you have failed to provide any information. Furthermore, at the vehicle inspection on the morning of June 5, 2001, I received the enclosed handwritten list from Mr. Johnson setting forth all of his vehicle complaints. A copy of that list is enclosed for your review. None of the fifteen (15) items appearing on this list support the argument you are entitled to recall information that is not related to the subject 1996 Diablo Roadster.

Given the totality of all of the circumstances, it appears you not only have "jumped the gun" regarding filing of a Motion to Compel violating Local Rule 26, but have acted in bad faith. Therefore, I am demanding the Motion to Compel which I have not yet received be withdrawn. If the Motion to Compel is not withdrawn, I shall seek attorneys' fees and costs in having to file any opposition.

Very truly yours,

MYRON SHAPIRO

MS:mm
*Enclosure*

G:\Client\Lamborghini\3648\Ltrs\levy0606-ms.wpd

1. Faulty Doors
2. Leaks all over
3. Loose latches
4. Discolouring of Grylls
5. Inadequate windscreen wipers
6. Clutch faulty
7. Foot well inadequate
8. Leather detaching
9. Plastic melting on doors & inside
10. Hood release never works
11. BATTERY shorts out (4)
12. Flimsy underside
13. Dipstick in wrong place
14. Door handle breaking
15. seat belt fasten tracks & is dangerous.

# HERZFELD & RUBIN

BRICKELL BAYVIEW CENTRE
80 S.W. 8ᵗʰ STREET, SUITE 1920
MIAMI, FLORIDA 33130
TELEPHONE: (305) 381-7999
TELEFAX: (305) 381-8203
E-MAIL: herzfeld@hr-miami.com
HOME PAGE: http://www.hrfirm.com

**MYRON SHAPIRO, ESQ.***

ALSO ADMITTED IN NEW YORK*

June 7, 2001

## *Via Federal Express*

Mark A. Levy, Esq.
Brinkley, McNerney, Morgan, Solomon & Tatum, LLP
Sun-Sentinel Building
200 East Las Olas Boulevard, Suite 1800
Ft. Lauderdale, Florida 33301-2209

> ### *Re:    Johnson v. Lamborghini*
> ### *Our File No. 3013.3648*

Dear Mr. Levy:

As a follow up to my letter of June 6, 2001, please consider the following which is further proof Plaintiffs' Motion to Compel was premature and in violation of Local Rule 26.1 I and H.

When I spoke to you the morning of the vehicle inspection on June 5, 2001 and indicated your self-imposed June 4, 2001 deadline to file the Motion to Compel did not provide me with a realistic amount of time to communicate with my client, I have now had the opportunity to communicate with my client and in doing so, have determined certain materials, specifically, the defect information report for Recall Campaign No. 98 V 030, should have been provided as part of the answer to the interrogatory but was inadvertently omitted. I apologize for this oversight and was not made aware of the situation until yesterday. Although the response to Plaintiffs' Interrogatory and the Certificate of Service bear my name, someone else signed on my behalf as I was not present which explains my inability to verify what in fact should have been produced but was not produced. While this is not intended as an excuse, nonetheless, since the material should have been provided and there was no intent not to provide, I do hope you accept my apology.

The enclosed Defect Information Report submitted by Automobile Lamborghini S.p.A. dated February 11, 1998 contains the information specified and required by 49 C.F.R. Part 573.5(c)(6) which requires the manufacturer to provide "In the case of a defect, a chronology of all principal events that were the basis for the determination that the defect related to motor vehicle safety, including a summary of all warranty claims, field or service reports, and other information, with their dates of receipt." The enclosed materials comply with the defect information reporting requirements. Therefore, production of the defect information report is precisely what Federal Rule of Civil Procedure 33(d) permits regarding the production of

NEW YORK OFFICE
HERZFELD & RUBIN P.C.
40 WALL STREET
NEW YORK, NEW YORK 10005
(212) 344-5500

NEW JERSEY OFFICE
CHASE, KURSHAN, WEIDENFELD,
HERZFELD & RUBIN, LLC
5N REGENT STREET, SUITE 508
LIVINGSTON, NEW JERSEY 07039
(973) 535-8840

CALIFORNIA OFFICE
HERZFELD & RUBIN
1925 CENTURY PARK EAST
LOS ANGELES, CALIFORNIA 90067
(310) 553-0451

Mark A. Levy, Esq.
June 7, 2001
Page 2

business records as being sufficient to answer an interrogatory. The enclosed defect information report does, in fact, answer the interrogatory.

Additionally, I have now received the executed original response of Automobile Lamborghini S.p.A. and it is enclosed. As you are well aware, Automobile Lamborghini S.p.A. is located in Italy and it does take a certain amount of time to execute official documents. The executed response was received today.

I have also received a few owner notification letters with the identity of the individuals and their addresses which appear to be part of the NHTSA file. I am reluctant to provide you with the names of these individuals and their addresses because I feel they are entitled to privacy and they have not authorized me to provide their names and addresses. Therefore, I will provide you with a copy of these letters with the names and addresses deleted. Those documents should be available tomorrow and I will immediately forward them.

By now, it should be more than obvious had you only taken the time to try to work with me rather than against me and not set artificial deadlines which violated the letter and the spirit of Local Rule 26.1 I and H, the Motion to Compel could have been avoided. I call upon you again to withdraw the Motion to Compel.

Very truly yours,

MYRON SHAPIRO

MS:mm
*Enclosure*

G:\Client\Lamborghini\3648\Ltrs\lr-levy0607-ms.wpd

# HERZFELD & RUBIN

BRICKELL BAYVIEW CENTRE
80 S.W. 8TH STREET, SUITE 1920
MIAMI, FLORIDA 33130
TELEPHONE: (305) 381-7999
TELEFAX: (305) 381-8203
E-MAIL: herzfeld@hr-miami.com
HOME PAGE: http://www.hrfirm.com

**MYRON SHAPIRO, ESQ.** *
ALSO ADMITTED IN NEW YORK*

June 11, 2001

*Via telefacsimile*

Mark A. Levy, Esq.
Brinkley, McNerney, Morgan, Solomon & Tatum, LLP
Sun-Sentinel Building
200 East Las Olas Boulevard, Suite 1800
Ft. Lauderdale, Florida 33301-2209

> **Re:    *Johnson v. Lamborghini***
> ***Our File No. 3013.3648***

Dear Mr. Levy:

In response to your letter of June 6, 2001 regarding your request to have the trial continued anytime after January 5, 2002, please be advised we have no objection to your request. With regards to the selection of a mediator, we are agreeable to use Al Capp.

With respect to the Plaintiffs' Motion to Compel, by now, you have now had more than ample opportunity to review the defect information report sent to you via fedex on June 7, 2001. Once again, I call upon you to withdraw Plaintiffs' Motion to Compel. If I have not heard from you by 5:00 o'clock p.m. on Tuesday, June 12, 2001, I will take all appropriate measures in responding to the motion to compel including seeking of attorney's fees and costs with respect to violation of the local rules as previously outlined.

Very truly yours,

MYRON SHAPIRO

MS:mm

G:\Client\Lamborghini\3648\Ltrs\levy2ltr-0611-ms.wpd

NEW YORK OFFICE
HERZFELD & RUBIN P.C.
40 WALL STREET
NEW YORK, NEW YORK 10005
(212) 344-5500

NEW JERSEY OFFICE
CHASE, KURSHAN, WEIDENFELD,
HERZFELD & RUBIN, LLC
5N REGENT STREET, SUITE 508
LIVINGSTON, NEW JERSEY 07039
(973) 535-8840

CALIFORNIA OFFICE
HERZFELD & RUBIN
1925 CENTURY PARK EAST
LOS ANGELES, CALIFORNIA 90067
(310) 553-0451

# HERZFELD & RUBIN

BRICKELL BAYVIEW CENTRE
80 S.W. 8TH STREET, SUITE 1920
MIAMI, FLORIDA 33130
TELEPHONE: (305) 381-7999
TELEFAX: (305) 381-8203
E-MAIL: herzfeld@hr-miami.com
HOME PAGE: http://www.hrfirm.com

**MYRON SHAPIRO, ESQ.** [*]

ALSO ADMITTED IN NEW YORK*

June 12, 2001

## *Via telefacsimile*

Mark A. Levy, Esq.
Brinkley, McNerney, Morgan, Solomon & Tatum, LLP
Sun-Sentinel Building
200 East Las Olas Boulevard, Suite 1900
Ft. Lauderdale, Florida 33301-2209

> *Re:    Johnson v. Lamborghini*
> *Our File No. 3013.3648*

Dear Mr. Levy:

This acknowledges receipt of your letter dated June 12, 2001 sent via telefacsimile this afternoon regarding receipt of the June 7, 2001 letter with attachments. I have checked our file and apparently sometime between February and April of this year, your firm moved from suite 1800 to suite 1900. The file does not reflect a letter notifying us of your firm's move or a formal notification of change of address. Our records now reflect your current address.

Obviously, the letter of June 7, 2001 and attachments was directed to you as part of an effort to consider the withdrawal of the Motion to Compel. I am still hopeful that possibility may become a reality. Therefore, I am willing to extend the deadline of 5:00 o'clock p.m. today. Since I will be traveling out of state at the end of this week and virtually all of next week, I appreciate your offer to stipulate pursuant to Fed. R. Civ. P. 29, to an enlargement of time to file a response to the Motion to Compel, should it become necessary. I would not envision the enlargement being more than one (1) week.

Very truly yours,

MYRON SHAPIRO

MS:mm

G:\Client\Lamborghini\3648\Ltrs\levy0612-ms.wpd

NEW YORK OFFICE
HERZFELD & RUBIN P.C.
40 WALL STREET
NEW YORK, NEW YORK 10005
(212) 344-5500

NEW JERSEY OFFICE
CHASE, KURSHAN, WEIDENFELD,
HERZFELD & RUBIN, LLC
5N REGENT STREET, SUITE 508
LIVINGSTON, NEW JERSEY 07039
(973) 535-8840

CALIFORNIA OFFICE
HERZFELD & RUBIN
1925 CENTURY PARK EAST
LOS ANGELES, CALIFORNIA 90067
(310) 553-0451

# HERZFELD & RUBIN

BRICKELL BAYVIEW CENTRE
80 S.W. 8ᵗʰ STREET  SUITE 1920
MIAMI, FLORIDA 33130
TELEPHONE: (305) 381-7999
TELEFAX: (305) 381-8203
E-MAIL: herzfeld@hr-miami.com
HOME PAGE: http://www.hrfirm.com

**MYRON SHAPIRO, ESQ.** *

ALSO ADMITTED IN NEW YORK*

June 14, 2001

## *Via telefacsimile*

Mark A. Levy, Esq.
Brinkley, McNerney, Morgan, Solomon & Tatum, LLP
Sun-Sentinel Building
200 East Las Olas Boulevard, Suite 1900
Ft. Lauderdale, Florida 33301-2209

>         *Re:    Johnson v. Lamborghini*
>                 *Our File No. 3013.3648*

Dear Mr. Levy:

By now you should have had at least a few days to have reviewed our letter of June 7, 2001 and the accompanying defect information report.  Please advise if you will now withdraw your motion to compel.  If not, we do request an extension of time to respond to the motion to compel up to and through Friday, June 29, 2001.

I look forward to hearing from you.

Very truly yours,

MYRON SHAPIRO

MS/mm

G:\Clienn\Lamborghini\3648\Ltrs\levy0614-ms.wpd

NEW YORK OFFICE
HERZFELD & RUBIN P.C.
40 WALL STREET
NEW YORK, NEW YORK 10005
(212) 344-5500

NEW JERSEY OFFICE
CHASE, KURSHAN, WEIDENFELD,
HERZFELD & RUBIN, LLC
5N REGENT STREET  SUITE 508
LIVINGSTON, NEW JERSEY 07039
(973) 535-8840

CALIFORNIA OFFICE
HERZFELD & RUBIN
1925 CENTURY PARK EAST
LOS ANGELES, CALIFORNIA 90067
(310) 553-0451

**COMPOSITE EXHIBIT 3**



*Lamborghini*

27 Joyson Avenue
Great Neck, NY 11021
516 829-8694
516 482-4815 Fax

February 11, 1998

Mr. Kenneth N. Weinstein
Associate Administrator for Safety Assurance
National Highway Traffic Safety Administration
Room 5321, NSA-01
400 Seventh Street, S.W.
Washington, D.C.          20590

98V- 030 ⑪

Re :   Automobili **LAMBORGHINI** S.p.A.  -   Defect Information Report

Dear Mr. Weinstein :

I am writing, on behalf of Automobili LAMBORGHINI S.p.A. (LAMBORGHINI), to
inform you that LAMBORGHINI has determined the existence of a Safety Related
Defect in the Automatic Window Retraction System of up to forty-four 1996 and 1997
LAMBORGHINI Diablo Roadster vehicles. As required by 49 C.F.R. Part 573.5,
enclosed please find a copy of the Defect Information Report on this matter.

The Owner Notification Letter is currently under preparation and, as required by 49
C.F.R. Part 573.5(c)(10), a copy of the proposed letter will be forwarded to you before
the mailing begins.

Respectfully submitted,

Michael Jay Grossman
Designated Agent
Automobili **LAMBORGHINI**, S.p.A.

Enclosure

99V—33 ②

# DEFECT INFORMATION REPORT

Submitted by :

Automobili **LAMBORGHINI**, S.p.A.
Via Modena, 12
40019 Sant'Agata Bolognese (BO)
ITALY

February 11, 1998



## DEFECT INFORMATION REPORT

Pursuant to 49 C.F.R. Section 573.5, Automobili LAMBORGHINI S.p.A. hereby submits the following
Defect Information Report concerning LAMBORGHINI's 1996 and 1997 Diablo Roadster models :

1.     Name of Manufacturer and Designated Agent :

   Manufacturer

   Automobili LAMBORGHINI S.p.A.
   via Modena, 12
   40019 Sant'Agata Bolognese (BO)
   Italy

   Designated Agent

   Michael Jay Grossman
   27 Jayson Ave
   Great Neck, New York    11021
   (516) 829-8694    Fax (516) 482-4815

2.     Identification of Vehicles Involved in Recall :

   The vehicles involved in this recall are :

   | | |
   |---|---|
   | Make: | LAMBORGHINI |
   | Line: | Diablo Roadster |
   | Model Year: | 1996 and 1997 |
   | Manufactured in: | April 1996 to September 1996 |

   Component Manufacturer

   | Component: | Micro Switch | Component: | Door Latch |
   |---|---|---|---|
   | Name: | BURGESS (SIRPLES) | Name: | Robert BOSCH |
   | Address: | | Address: | |
   | | Via della Pace | | Via M.A. Colonna |
   | | 41-46/a  Milano | | 35  Milano |
   | | Italy | | Italy |
   | Telephone #: | | Telephone #: | |
   | | 02 98242262 | | 02 3696426 |

Testing and investigation has confirmed that a defect in the design and installation of the
Automatic Window Retraction System exists in some of the early production Diablo Roadster
models. Each of these 44 early production vehicles are being recalled even though we expect
that only approximately 55 % of these vehicles may contain this defect. The Diablo Coupe
and Diablo VT Coupe have a completely different Door and Window System and are not, therefore,
being included in this Recall Campaign.

0 ?V – · ?? ④

3.    Number of Vehicles :

The number of vehicles potentially containing the defect is 44.

4.    Percentage of Vehicles :

The percentage of vehicles believed to actually contain the defect is
approximately 55%.

5.    Description of Defect :

In order for the vehicle doors to open and allow the occupants to exit (or enter)
the vehicle , the window must retract at least 20 – 25mm when either the inside
or outside door handle is activated so that the hard rubber weather seal is clear-
ed, allowing the door to swing upward..

When the door handle is activated an electronic signal is processed thru a Micro
Switch to the Inside Door Latch and to the window motor. If the transmission
of this signal is interrupted by either a failure of the Micro Switch and/or an
improper connection to the Inside Door Latch, the window will NOT auto-
matically retract and the door will NOT open normally. However, there are
alternate methods for retracting the window, such as the separate manual hand-
crank supplied with the vehicle in the storage area behind the seat.

Through Investigation and Testing we have determined that in some of the
vehicles referenced above, the Micro Switch circuitry has failed because the
connection to the Inside Door Latch was not properly made during initial
assembly. We believe that the failures are generated by this improper
connection of the Micro Switch to the Inside Door Latch during assembly.
Therefore, only vehicles with an improper connection need to be repaired.

We will inspect all vehicles within the above referenced production range to
find those with an improper connection and replace the Micro Switch and
Inside Door Latch on those vehicles with the modified components that have
proven to be much easier to assemble and install correctly.

3



Vehicles produced after those subject to this Recall have already been fitted with the modified components.

- For reference, please see attached Sketches **A, B,** and **C**.

6. Chronology of Events :

| 9/96 | Initial report of an incident with a customer complaining of a "lock-out" problem. |

| 11/96-8/97 | A few additional customer problems concerning the reliability of the window retraction system are reported. During this period, three Micro switch / Door Latch assemblies are replaced |

| 9/97 | A vehicle is examined in detail by a Factory Technician who reports back to the Factory Service Department. |

| 10/97 | Another Micro Switch / Door Latch assembly is replaced. |

| 10/97 | LAMBORGHINI management requests a comprehensive study be undertaken to determine the cause of this unusual problem. |

| 11/97 | Inter-Departmental meetings are held as studies are conducted to examine all possible scenarios. |

Problem seems to be narrowed to the probable mis-assembly of the Micro Switch and Door Latch System.

to

Discussions are begun with US legal and regulatory counsel to determine if there is a need and basis for a safety related defect determination.

Research and Development Department submits its findings to top management

| 2/98 | Director meetings are held and a final recommendation is sent to the President. |

| 2/2/98 | Information is begun to be assembled for the preparation of the Defect Information Report as well as the Dealer and Owner Notification letters. |

| 2/6/98 | Despite the provision of a manual crank to lower the window in the case of an emergency, LAMBORGHINI wishes to minimize the possibility that a failure may occur. Therefore, LAMBORGHINI's President makes the final decision that there is a Safety Related Defect and to initiate a full Recall Campaign. |

NO ACCIDENTS AND NO INJURIES HAVE BEEN REPORTED TO DATE.

7.  Manufacturers Program :

Notification of an Official Safety Recall Campaign is sent to the owners of the affected vehicles. The owners are requested to bring their vehicle to the most convenient LAMBORGHINI Dealer for :

    a.  An Inspection of each automatic window retraction system on the vehicle to determine if it is defective.

    b.  If both systems on the vehicle are non-defective, the vehicle will be labeled "Completed - Recall Campaign No.98 V XXX" and returned to the owner.

    c.  If either one and/or both of the vehicles systems are defective :

        (i)  The defective system(s) will be replaced, free of charge with the new, modified version of the micro switch and latch assembly.

        (ii)  The vehicle will be labeled "Completed-Recall Campaign No. 98 V XXX and returned to the owner.

8.  Notices, Bulletins and Other Communications :

At this time, no notices, bulletins or other communications have been sent to dealers or purchasers. However, copies of those notices and bulletins currently under preparation will be forwarded to you upon their completion and prior to their distribution.

<u>SKETCH A</u>

MICRO SWITCH ASSEMBLY  -  #2





SKETCH    B

INSIDE DOOR LATCH ASSEMBLY    #1

92V- 30 (9)

## SKETCH    C

**BOTH COMPONENTS _ ASSEMBLED VIEW**



 **Exclusive**    2441-B South Pullman Street   Santa Ana, California 92705    714-261-8872

U.S. DISTRIBUTOR FOR AUTOMOBILI LAMBORGHINI

TO:        ALL LAMBORGHINI DEALERS

FROM:    EXCLUSIVE:

SUBJECT:  **LAMBORGHINI SAFETY RECALL CAMPAIGN NO. 98 V 030**

DATE:     03/26/98

VEHICLE:  1996 & 1997 **LAMBORGHINI** ROADSTERS - AUTOMATIC WINDOW RETRACTION SYSTEM

## ATTENTION - DEALER PRINCIPAL

### THIS NOTICE IS SENT TO YOU IN ACCORDANCE WITH THE REQUIREMENTS OF THE NATIONAL TRAFFIC AND MOTOR VEHICLE SAFETY ACT.

Automobili **LAMBORGHINI**, S.p.A. (**LAMBORGHINI**) has determined that a defect which relates to motor vehicle safety exists in some of the 1996 and early production 1997 Diablo Roadster models. The defect may cause the automatic window retraction system, that allows the vehicle door or doors to open, to remain in the closed position. If this occurs, you will not be able to exit (or enter) the vehicle without extreme and/or unusual efforts.

The owner letter (attached) advises the owner of Emergency measures to be taken if either the driver or passenger are unable to exit the vehicle due to this problem. The owner is being directed to contact the local Authorized LAMBORGHINI Dealer for an appointment to have the vehicle Inspected and, if needed, repaired with the new, modified components.

If, after inspection, it is determined that an owner's vehicle is in need of this modification, Dealers are to follow the attached procedures and instructions carefully.

### PLEASE NOTE:

### CORRECT ANY VEHICLES IN STOCK BEFORE DELIVERY!

Federal law requires dealers to complete any outstanding safety recall service **BEFORE** any vehicle is delivered to the buyer or lessee. Violation of this requirement by a dealer could result in a civil penalty of up to $1000.00 per vehicle.

### ALL LAMBORGHINI SERVICE PERSONNEL SHOULD READ AND INITIAL!

#### PROMPTLY CORRECT:

Eligible vehicles on the enclosed list.

#### DEALER-OWNER CONTACT:

Immediately contact any owner whose name appears on the list. Give owner a copy of
the Owner Letter.

#### RECALL COORDINATOR CONTACT:

Please contact the Recall Coordinator at Exclusive, for answers to all questions or for any
assistance regarding aspects of this Recall Campaign.

#### EXCLUSIVE CONTACT:

Advise the Exclusive Recall Coordinator if:

An owner can not be contacted.

An owner can not make a service date.

## LABOR ALLOWANCES:

Labor time allowed for replacement of the door lock and microswitch will be 3.5 hours per door for R&R.
Inspection only 1.5 hours per door.

## PARTS ORDERING:

Immediately after contact from the owner for an appointment, fax a copy of a warranty repair order for the updated door locks and microswitches. Please print in bold letters "**URGENT RECALL ORDER**" ON THE TOP OF THE WARRANTY REPAIR ORDER. Also print (appointment date) on the top of the warranty repair order.

## PARTS ALLOWANCE:

The standard 20% parts allowance will be paid.

## SHIPPING CHARGES:

All shipping charges will be incurred by Exclusive. Note: **Dealer Parts Department Personnel, please mark the Vin # of the vehicle and the current mileage on each part returned.**

## CLAIM SUBMISSION:

Please refer to attached warranty repair order examples. Exclusive must have a completed warranty claim on file for each vehicle that this recall is performed on. Please submit your warranty claim as quickly as possible ensuring that it is complete and that all necessary documentation is attached.

## CUSTOMER VERIFICATION FORM:

In order to receive payment for your warranty claim for this recall, (you **must** have a complete customer verification form attached).

## SHOULD YOU ENCOUNTER ANY PROBLEMS OR HAVE ANY QUESTIONS, PLEASE CONTACT THE RECALL COORDINATOR IMMEDIATELY!

## CUSTOMER VERIFICATION FORM

Vehicle Identification Number _____

Date _____

Dealer (Please Print Dealership Name) _____

I hereby certify that the above described vehicle has been repaired to conform with the guidelines of Recall Number 98 V 030 . I have conferred with the owner and he has elected to not bring the vehicle in for an inspection. Therefore I am sending the owner this form to sign and the "Recall 98 V 030 Complete" label. I have instructed the owner where on the vehicle to place the label and that after the label has been placed on the vehicle, the owner is to sign this form and return immediately to

Service Manager (Please Print)

_____

Service Manager (Signature)

_____

Owner (Please Print Your
Name) _____

Date _____

I hereby state that I am the owner of the above described vehicle. I confirm that my vehicle has been repaired in accordance with Recall Number 98 V 030 and that I have placed the "Recall 98 V 030 Complete" label in the specified area on my vehicle as directed by my Servicing Lamborghini Dealer for a check as I am satisfied that my vehicle has been repaired properly by my Servicing Lamborghini Dealer. I certify that I will mail this form back to                                immediately.

Owner (Signature)

_____

**LAMBORGHINI**

## INSPECTION/REPLACEMENT PROCEDURE FOR THE WINDOW RETRACTION/DOOR LOCK ASSEMBLY ON 96&97 ROADSTERS

010  Check for the correct, proper open/close function of each door;
020  With the door shut, close the glass completely with the window switch;
030  Open the door and remove the battery "disconnect" handle;
040  Remove the "Woofer" speaker and disconnect the wiring system;
~~050  Remove the cap covering the screw in the front side of the door closing handle;~~
060  Remove the light assembly in the rear side of the door closing handle;
070  Remove the screws for the small panel in the rear side of the door closing handle;
080  Take off the small panel in the rear side of the door closing handle;
090  Remove the door closing handle mounting screws (1 in the front side, 2 in the rear side) and remove the door closing handle;
100  Remove the door panel mounting screws and the panel itself together with the internal door opening handle;
110  Remove the protective cover inside the door;
120  Check the "type" of lock fitted and proceed as follows:

A) in case of a "new type" lock (see drawing "A") and a positive result of the check made in step 010 - follow the instructions given in steps 310 to 420;

B) in case of a "new type" lock (see drawing "A") and a negative result of the check made in step 010 - follow the instructions given in steps 290 to 420;

C) in case of an "old type" lock (see drawing "A") - follow the instructions given in steps 130 to 420

130  Remove the rod connecting the central door lock motor to the lock;
140  Remove the clips connecting the lock to the door opening button and to the door closing lever.
150  Remove the door opening cable from the lock;
160  Remove the door opening lever;
170  Remove the external reinforcement for the door lock assembly;
180  Remove the retaining screws for the lower door lock cover, and the cover;
190  Disconnect the door wiring harness from the microswitch assembly at the connector
200  Remove the mounting screws for the door lock and its closing lever;
210  Remove the door lock assembly and its closing lever;
220  Remove the clamp holding the lock microswitch onto the door closing lever;
230  Compare the old lock assembly with the New lock assembly (which includes a New microswitch), adjust the lever positions on the New assembly to match those of the old assembly, thereby allowing an installation with the lever connections at the proper position;
240  Install the new lock assembly with the closing lever, lower gasket and external reinforcement onto the door. Accurately adjust the external reinforcement position with specific shims to avoid any damage to the paint. Apply a medium thread locking product (Loctite 242 or Arexons System 52A42) to the mounting screws.
250  Attach the connections between the lock assembly, the closing lever and the opening button;

260  Install the door opening lever;

270  Install the door opening cable onto the lock assembly;

280  Install the rod connecting the central door lock motor to the lock;

290  Make the necessary adjustments to the lever assembly, the door opening cable and central door lock motor connecting rod to ensure that the entire assembly functions properly and correctly. Attach microswitch wire connector to door wiring harness.

300  Install the battery "disconnect" handle and check for the correct, proper function of the door, including the automatic window retraction system (install the door opening handle from the interior in order to avoid any interference with the door when closing it);

310  Grease the closing lever assembly with "Berulub FR 16 Bechem";

320  Re-check the lever assemblies for proper movements and recondition the "wax" coat in the metal plate junction inside the door;

330  Install the inside door protective cover (replace it if has been damaged in the removal step) and place the speaker wiring and the door opening wire in position for the installation of the interior door panel.

340  Install the interior door panel with appropriate mounting screws and the door opening handle;

350  Install the door closing handle with appropriate mounting screws;

360  Fit the cap covering the screw in the front side of the door closing handle ;

370  Position and install the small panel in the rear side of the door closing handle;

380  Install the light assembly in the rear side of the door;

390  Install the "Woofer" speaker in the panel and connect the wiring system;

400  Install the lower cover (only when the lock has been replaced);

410  Check all the functions of the entire door/window/lock system, make any alignment and/or adjustments that might be necessary;

420  Apply the sticker of "inspection" when inspection and/or repair has been completed, apply the sticker near VIN on driver's side door. Check the appropriate box(es) on sticker.

**APPLY THE STICKER – "COMPLETED-RECALL 98 V 030"**

Completed-Recall 98 V 030

☐ Inspection      ☐ Inspection and
   Completed         Repair Completed.

Note: Enclosure drawing "A" "B" "C" "D"
Reference spare parts catalogue tab. 9921.01.00 - 9921.03.00 - 9921.04.00









ELIGIBLE LIST FOR   RECALL CAMPAIGN

ZA9RU37P3TLA12508

ZA9RU37P3TLA12509

ZA9RU37P4TLA12521

ZA9RU37P6TLA12522

ZA9RU37P3TLA12543

ZA9RU37P5TLA12544

ZA9RU37P2TLA12545

ZA9DUO7P9TLA12546

ZA9RU37P1TLA12556

ZA9RU37P3TLA12557

ZA9RU37P5TLA12558

ZA9RU37P7TLA12559

ZA9RU37P6VLA12605

ZA9RU37P8VLA12606

ZA9RU37PXVLA12607

ZA9RU37P1VLA12608

ZA9RU37P3VLA12609

ZA9RU37PXVLA12610

ZA9RU37P1VLA12611

ZA9RU37P3VLA12612

ZA9RU37P5VLA12613

ZA9RU37P7VLA12614

ZA9RU37P9VLA12615

ZA9RU37P0VLA12616

ZA9RU37P2VLA12617

ZA9RU37P4VLA12618

ZA9RU37P6VLA12619

ZA9RU37P2VLA12620

ZA9RU37P4VLA12621

ZA9RU37P2VLA12622

ZA9RU37P8VLA12623

ZA9RU37PXVLA12624

ZA9RU37P1VLA12625

ZA9RU37P3VLA12626

ZA9RU37P5VLA12627

ZA9RU37P7VLA12628

ZA9RU37P9VLA12629

ZA9RU37P5VLA12630

ZA9RU37P7VLA12631

ZA9RU37P9VLA12632

ZA9RU37P0VLA12633

ZA9RU37P2VLA12634

ZA9RU37P4VLA12635

ZA9RU37P6VLA12636


**Exclusive**    2441-B South Pullman Street  Santa Ana, California 92705   714-261-8872
U.S. DISTRIBUTOR FOR AUTOMOBILI LAMBORGHINI

**LAMBORGHINI**
Owner Notification Letter
03/26/98

VIN # - _____

Name:_____
Address:_____

**LAMBORGHINI**
**SAFETY RECALL CAMPAIGN**
**No. 98 V 030**

Dear _____,

This notice is sent to you in accordance with the requirements of the National Traffic and Motor
Vehicle Safety Act.

Automobili LAMBORGHINI S.p.A. (LAMBORGHINI) has decided that a defect which relates to
motor vehicle safety exists in some of the 1996 and early production 1997 *Diablo Roadster*
models. The defect may cause the automatic window retraction system, that allows the vehicle
door or doors to open, to remain in the closed position. If this occurs, you will not be able to exit
(or enter) the vehicle without extreme and/or unusual efforts.

**IF THIS SITUATION WOULD EXIST, YOU MAY NOT BE ABLE TO EXIT YOUR VEHICLE
- IF A VEHICLE CRASH OR FIRE SHOULD ALSO OCCUR!**

**YOU MAY STILL BE ABLE TO EXIT THE VEHICLE BY ONE OR MORE OF THE
FOLLOWING METHODS:**

1 - Use the Emergency Handle supplied with the vehicle to override the
automatic window retraction system and lower the window enough
to permit the door handle to open the door. (Study the owners Manual
Supplement supplied with the Roadster model to understand this
operation in detail.)

**OR**

2 - With both hands, STRONGLY push the top edge of the window glass
outward until it clears its top rubber molding enough to allow the door
handle to open the door.

- 1

OR

3 - Release the 4 levers that secure the Roadster top to the vehicle and STRONGLY push the top away from the vehicle, allowing enough room for you to climb out. (Study the top releasing procedure in the Owners Manual Supplement supplied with your Roadster model.)

LAMBORGHINI will remedy this Defect FREE OF CHARGE by replacing, if necessary, the automatic window retraction micro-switch and corresponding door latch assembly. These replacement components should now be available at your nearest LAMBORGHINI dealer. Please call immediately to make an appointment for an Inspection at the LAMBORGHINI dealer most convenient for you to determine if replacement of one or both of these systems is necessary.

## UNTIL YOUR VEHICLE IS INSPECTED - WE SUGGEST THAT YOU DRIVE WITH BOTH WINDOWS OPEN AT LEAST 25mm(1 inch).

LAMBORGHINI's program to remedy this defect consists of :

a. An Inspection of each automatic window retraction system on your vehicle to determine if it is defective.

b. If both systems on your vehicle are non-defective, the vehicle will be labeled "Completed – Recall Campaign No. 98 V 030" and returned to you.

c. If either one or both of your vehicle's systems are defective :

(i) The defective system(s) will be replaced, free of charge with the new, modified version of the micro switch and latch assembly.

(ii) The vehicle will be labeled "Completed – Recall Campaign No. 98 V 030" and returned to you.

d. If, for any reason, you cannot conveniently arrange to bring your vehicle to a LAMBORGHINI dealer, please call Exclusive at    1-714-261-8872 (ask for the Recall Coordinator), and we will try to make special arrangements to have your vehicle inspected.

If your vehicle requires only an inspection, it should take approximately 4 hours. If your vehicle requires the replacement of the automatic window retraction system components, it could take 1 or 2  business days to complete and a Rental Car will be provided free of charge, if requested.

If you have any difficulty and/or complaint that cannot be resolved by the Recall Coordinator or if Exclusive or the dealer has failed or is unable to remedy the defect without charge within 60 days after the vehicle has been delivered to the dealer for inspection, you may submit a written complaint to the Administrator of the National Highway Traffic Safety Administration, Room 5321, 400 Seventh Street, S.W., Washington, D.C. 20590, or call the toll-free Auto Safety Hot Line at 1-800-424-9393 (Washington, D.C. area residents may call 202-366-0123).

·2

If you are the Lessor [*1] of the vehicle, it is your obligation under Federal law to provide the lessee of the vehicle to which this notification letter refers with a copy of this letter. You must also maintain a record which identifies the lessee to whom you sent a copy of this letter, the date you sent the letter, and the Vehicle Identification Number of the vehicle that you have leased to that lessee and to which this notification applies.

We regret any inconvenience this Recall Campaign might cause you, but we urge you to take advantage of this opportunity to have your vehicle inspected and, if necessary, repaired so that you may continue to enjoy your LAMBORGHINI vehicle.

Sincerely,

Vik Keuylian
President
Exclusive

[*1] "Lessor" means a person or entity that is the owner, as reflected on the vehicle's title, of any five or more leased vehicles, as of the date of notification by the manufacturer of the existence of a safety related defect in one or more of the leased motor vehicles.

3

**Exclusive**  2441-B South Pullman Street   Santa Ana, California 92705    714-261-8872
U.S. DISTRIBUTOR FOR AUTOMOBILI LAMBORGHINI

**LAMBORGHINI**
Owner Notification Letter
03/26/98

VIN # - ZA9RU37P6VLA12636

### LAMBORGHINI
### SAFETY RECALL CAMPAIGN
### No. 98 V 030

Dear

This notice is sent to you in accordance with the requirements of the National Traffic and Motor Vehicle Safety Act.

Automobili LAMBORGHINI S.p.A. (LAMBORGHINI) has decided that a defect which relates to motor vehicle safety exists in some of the 1996 and early production 1997 Diablo Roadster models. The defect may cause the automatic window retraction system, that allows the vehicle door or doors to open, to remain in the closed position. If this occurs, you will not be able to exit (or enter) the vehicle without extreme and/or unusual efforts.

### IF THIS SITUATION WOULD EXIST, YOU MAY NOT BE ABLE TO EXIT YOUR VEHICLE - IF A VEHICLE CRASH OR FIRE SHOULD ALSO OCCUR!

### YOU MAY STILL BE ABLE TO EXIT THE VEHICLE BY ONE OR MORE OF THE FOLLOWING METHODS:

1 - Use the Emergency Handle supplied with the vehicle to override the automatic window retraction system and lower the window enough to permit the door handle to open the door. (Study the owners Manual Supplement supplied with the Roadster model to understand this operation in detail.)

OR

2 - With both hands, STRONGLY push the top edge of the window glass outward until it clears its top rubber molding enough to allow the door handle to open the door.

1

OR

3 - Release the 4 levers that secure the Roadster top to the vehicle and STRONGLY push the top away from the vehicle, allowing enough room for you to climb out. (Study the top releasing procedure in the Owners Manual Supplement supplied with your Roadster model.)

LAMBORGHINI will remedy this Defect FREE OF CHARGE by replacing, if necessary, the automatic window retraction micro switch and corresponding door-latch assembly. These replacement components should now be available at your nearest LAMBORGHINI dealer. Please call immediately to make an appointment for an Inspection at the LAMBORGHINI dealer most convenient for you to determine if replacement of one or both of these systems is necessary.

## UNTIL YOUR VEHICLE IS INSPECTED - WE SUGGEST THAT YOU DRIVE WITH BOTH WINDOWS OPEN AT LEAST 25mm(1 inch).

LAMBORGHINI's program to remedy this defect consists of :

    a. An inspection of each automatic window retraction system on your vehicle to determine if it is defective.

    b. If both systems on your vehicle are non-defective, the vehicle will be labeled "Completed - Recall Campaign No. 98 V 030" and returned to you.

    c. If either one or both of your vehicle's systems are defective :

        (i) The defective system(s) will be replaced, free of charge with the new, modified version of the micro switch and latch assembly.

        (ii) The vehicle will be labeled "Completed — Recall Campaign No. 98 V 030" and returned to you.

    d. If, for any reason, you cannot conveniently arrange to bring your vehicle to a LAMBORGHINI dealer, please call Exclusive at    1-714-261-8872 (ask for the Recall Coordinator), and we will try to make special arrangements to have your vehicle inspected.

If your vehicle requires only an inspection, it should take approximately 4 hours. If your vehicle requires the replacement of the automatic window retraction system components, it could take 1 or 2 business days to complete and a Rental Car will be provided free of charge, if requested.

If you have any difficulty and/or complaint that cannot be resolved by the Recall Coordinator or if Exclusive or the dealer has failed or is unable to remedy the defect without charge within 60 days after the vehicle has been delivered to the dealer for inspection, you may submit a written complaint to the Administrator of the National Highway Traffic Safety Administration, Room 5321, 400 Seventh Street, S.W., Washington, D.C. 20590, or call the toll-free Auto Safety Hot Line at 1-800-424-9393 (Washington, D.C. area residents may call 202-366-0123).

If you are the Lessor [*1] of the vehicle, it is your obligation under Federal law to provide the lessee of the vehicle to which this notification letter refers with a copy of this letter. You must also maintain a record which identifies the lessee to whom you sent a copy of this letter, the date you sent the letter, and the Vehicle Identification Number of the vehicle that you have leased to that lessee and to which this notification applies.

We regret any inconvenience this Recall Campaign might cause you, but we urge you to take advantage of this opportunity to have your vehicle inspected and, if necessary, repaired so that you may continue to enjoy your LAMBORGHINI vehicle.

Sincerely,

Vik Keuylian
President
Exclusive

[*1] "Lessor" means a person or entity that is the owner, as reflected on the vehicle's title, of any five or more leased vehicles, as of the date of notification by the manufacturer of the existence of a safety related defect in one or more of the leased motor vehicles.

3



*U.S. Distributor for Automobili Lamborghini*

LAMBORGHINI
Owner Re-Notification Letter
8/11/1999

VIN # - ZA9DU07P9TLA12546

### LAMBORGHINI
### SAFETY RECALL CAMPAIGN
### No. 98 V 030
### FOLLOW-UP TO 3/26/98 NOTIFICATION

Dear

This notice is sent to you in accordance with the requirements of the National Traffic and Motor Vehicle Safety Act.

### WE URGE YOU TO BRING YOUR VEHICLE IN FOR INSPECTION AND/OR REPAIR

Automobili LAMBORGHINI S.pA. (LAMBORGHINI) has decided that a defect which relates to motor vehicle safety exists in some of the 1996 and early production 1997 Diablo Roadster models. The defect may cause the automatic window retraction system, that allows the vehicle door or doors to open, to remain in the closed position. If this occurs, you will not be able to exit (or enter) the vehicle without extreme and/or unusual efforts.

If THIS SITUATION WOULD EXIST, YOU MAY NOT BE ABLE TO EXIT YOUR VEHICLE - IF A VEHICLE CRASH OR FIRE SHOULD ALSO OCCUR!

YOU MAY STILL BE ABLE TO EXIT THE VEHICLE BY ONE OR MORE OF THE FOLLOWING METHODS :

> 1 - Use the Emergency Handle supplied with the vehicle to override the automatic window retraction system and lower the window enough to permit the door handle to open the door. (Study the Owners Manual Supplement supplied with the Roadster model to understand this operation in detail.)

OR

> 2 - With both hands, STRONGLY push the top edge of the window glass outward until it clears its top rubber molding enough to allow the door handle to open the door.



1

*U.S. Distributor for Automobili Lamborghini*

OR

3 - Release the 4 levers that secure the Roadster top to the vehicle and STRONGLY push the top away from the vehicle, allowing enough room for you to climb out. (Study the top releasing procedure in the Owners Manual Supplement supplied with your Roadster model.)

LAMBORGHINI will remedy this Defect FREE OF CHARGE by replacing, if necessary, the automatic window retraction micro switch and corresponding door latch assembly. These replacement components should now be available at your nearest LAMBORGHINI dealer. Please call immediately to make an appointment for an Inspection at the LAMBORGHINI dealer most convenient for you to determine if replacement of one or both of these systems is necessary.

## UNTIL YOUR VEHICLE IS INSPECTED - WE SUGGEST THAT YOU DRIVE WITH BOTH WINDOWS OPEN AT LEAST 25mm(1 inch).

LAMBORGHINI's program to remedy this defect consists of :

a. An Inspection of each automatic window retraction system on your vehicle to determine if it is defective.

b. If both systems on your vehicle are non-defective, the vehicle will be labeled "Completed – Recall Campaign No. 98 V 030" and returned to you.

c. If either one or both of your vehicle's systems are defective :

    (i) The defective system(s) will be replaced, free of charge with the new, modified version of the micro switch and latch assembly.

    (ii) The vehicle will be labeled "Completed – Recall Campaign No. 98 V 030" and returned to you.

d. If, for any reason, you cannot conveniently arrange to bring your vehicle to a LAMBORGHINI dealer, please call Exclusive, Inc. at  1-702-740-2277 (ask for the Recall Coordinator), and we will try to make special arrangements to have your vehicle inspected.

If your vehicle requires only an inspection, it should take approximately 4 hours. If your vehicle requires the replacement of the automatic window retraction system components, it could take 1 or 2  business days to complete and a Rental Car will be provided free of charge, if requested.

If you have any difficulty and/or complaint that cannot be resolved by the Recall Coordinator or if Exclusive or the dealer has failed or is unable to remedy the defect without charge within 60 days after the vehicle has been delivered to the dealer for inspection, you may submit a written complaint to the Administrator of the National Highway Traffic Safety Administration, Room 5321, 400 Seventh Street, S.W., Washington, D.C. 20590, or call the toll-free Auto Safety Hot Line at 1-800-424-9393 (Washington, D.C. area residents may call 202-366-0123).



 

U.S. Distributor for Automobili Lamborghini

If you are the Lessor [*1] of the vehicle, it is your obligation under Federal law to provide the lessee of the vehicle to which this notification letter refers with a copy of this letter. You must also maintain a record which identifies the lessee to whom you sent a copy of this letter, the date you sent the letter, and the Vehicle Identification Number of the vehicle that you have leased to that lessee and to which this notification applies.

We regret any inconvenience this Recall Campaign might cause you, but we urge you to take advantage of this opportunity to have your vehicle inspected and, if necessary, repaired so that you may continue to enjoy your LAMBORGHINI vehicle.

Sincerely,

Vik Keuyhan
President
Exclusive, Inc.

[*1] "Lessor" means a person or entity that is the owner, as reflected on the vehicle's title, of any five or more leased vehicles, as of the date of notification by the manufacturer of the existence of a safety related defect in one or more of the leased motor vehicles.

**EXHIBIT  4**

BRINKLEY, M: NERNEY, MORGAN, SOLOMON & TATUM, LLP

ATTORNEYS AT LAW
SUITE 1900
NEW RIVER CENTER
200 EAST LAS OLAS BOULEVARD
FORT LAUDERDALE, FLORIDA 33301-2209

W. MICHAEL BRINKLEY
KEVIN P. CROSBY **
KENNETH E. KEECHL
DONALD J. LUNNY, JR.³
MICHAEL J. MCNERNEY +
PHILIP J. MORGAN *
HARRIS K. SOLOMON +
ROBERTA G. STANLEY ++
THOMAS R. TATUM
STEPHEN L. ZIEGLER

+ BOARD CERTIFIED BUSINESS LITIGATION LAWYER
* BOARD CERTIFIED REAL ESTATE LAWYER
++ BOARD CERTIFIED MARITAL AND FAMILY LAWYER
** REGISTERED PATENT ATTORNEY
³ BOARD CERTIFIED CITY, COUNTY &
   LOCAL GOVERNMENT LAWYER

TELEPHONE (954) 522-2200
FACSIMILE (954) 522-9123
e-mail: lawfirm@brinkleymcnerney.com

MAILING ADDRESS:
POST OFFICE BOX 522
FORT LAUDERDALE, FLORIDA 33302-0522

JOHN R. TATUM
(1926-1995)

SCOTT P. CHITOFF
LOUIS R. GIGLIOTTI
KENNETH A. GORDON
DAVID F. HANLEY
KENNETH J. JOYCE
JEFFREY S. KURTZ
JOHN N. LAMBROS
MARK A. LEVY
JULIETTE E. LIPPMAN
JONATHAN M. STREISFELD
VERONICA VILARCHAO

June 15, 2001

Myron Shapiro, Esq.
HERZFELD & RUBIN
Brickell Bayview Centre
80 SW 8ᵗʰ Street, Suite 1920
Miami, Florida 33130

*Via Facsimile and U.S. Mail*

Re:   Johnson v. Automobili Lamborghini, SpA.; Case No. 00-6202-CIV-DIMITROULEAS

Dear Mr. Shapiro:

We now have had a chance to more fully consider your June 7, 2001 letter and the attachments thereto. While we appreciate the production of these responsive materials, we still do not believe that Lamborghini's interrogatory answer is complete. More specifically, referencing the chronology of events set forth on page 4 of the Defect Information Report, we believe that the following information must be disclosed.

1.   The name of the customer and the substance of the complaint which was made in September 1996.

2.   The names of the customers and the substance of their complaints which were made between November 1996 and August 1997.

3.   Details regarding the report by a Factory Technician to the Factory Service Department in September 1997.

4.   Details regarding the replacement of the Micro Switch/Door Latch assembly, including the name of the customer, which was replaced in October 1997.

5.   Details regarding the nature and substance of the discussions held during the period November 1997 to February 1998 to determine if there is a need and basis for a

Myron Shapiro, Esq.
June 15, 2001
Page Two

safety related defect determination. To the extent any of this information is privileged, please provide sufficient information so that we can assess the applicability of the claimed privilege.

6. Details regarding the nature and substance of the finding submitted by the Research and Development Department to top management during the period November 1997 to February 1998.

7. Details regarding the nature and substance of the final recommendation made to the President following director meetings during the period November 1997 to February 1998.

We believe that all of the above categories constitute facts of which Lamborghini was aware that led it to issue the recall notice, and therefore necessary to provide a complete answer to the Interrogatory. This information may be provided through supplement to the answer, production of documents, or both, as appropriate.

Also, given the fact that the documents you have produced indicate that Recall Campaign 98 V 030 related to both 1996 and 1997 models, we are unsure to what extent you still maintain certain relevance objections. In that regard, can you please inform us if Recall Campaign 98 V 030 is the only recall notice or safety warning issued for the 1996 and 1997 Diablo Roadster.

I look forward to your response, and hope that we can continue to work toward resolution of these issues.

Sincerely,

MARK A. LEVY

MAL:clb
G:\WPFILES\CLIENTS\Johnson Karel\Lamborghini\Corresp\Shapiro 06-15-01.wpd

**EXHIBIT 5**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6202 CIV-(DIMITROULEAS)/Magistrate Judge Johnson

KAREL G. JOHNSON and LISE H.
JOHNSON, his wife,

       Plaintiffs,

vs.

AUTOMOBILI LAMBORGHINI SpA,
MICHAEL KIMBERLY, JON DOE I,
JON DOE II and JON DOE III,
individually,

       Defendants.

_____/


## **AFFIDAVIT OF MICHAEL JAY GROSSMAN**

STATE OF NEW YORK  )
                  S.S.
COUNTY OF NASSAU  )

      MICHAEL JAY GROSSMAN, having being duly sworn, deposes and says:

1.    I am the designated agent for Lamborghini for U.S.A. and Canada for Certification and Engineering.

2.    I am the designated agent of Lamborghini for service of process under 49 CFR § 551.45, Service of Process on Foreign Manufacturers and Importers.

3.    In the course of my employment, I am the designated agent on behalf of Lamborghini to communicate with NHTSA regarding inquiries related to items that are the subject of recalls.

4.    The only recall involving the 1996 Diablo Roadster model was Recall No. 98V 030.

5.    The above information is based on my personal knowledge.

FURTHER AFFIANT SAYETH NAUGHT.

_____
MICHAEL JAY GROSSMAN
Affiant

SWORN TO AND SUBSCRIBED before me on this 26th day of June, 2001

and who is (   ) personally known to me or   ( ✓ ) who produced the following

identification: NY Drivers License _____

FRED J. KUNZ
Notary Public, State of New York
#5074621
Qualified in Nassau/Suffolk County
Commission Expires March 17, 2003

_____
NOTARY PUBLIC

My Commission Expires: 03/17/2003

G:\Client\Lamborghini\3648\Pldgs\Affidavit-MJGrossman3.wpd